In the Matter of the Estate of BEN KAPLAN, Deceased.

Surrogate's Court, Bronx County, December 31, 1930.

*Sidney S. Levine*, for the petitioner.

*Harry I. Stein*, for Liberty Paint Co., Inc.

HENDERSON, S. This is an application to fix the compensation of the attorney for the executors. The executors filed an account to which objections were duly filed, and the matter was referred to a referee. All the items of the claim herein are included in the account of the executors, and objections were filed thereto, except the request for $1,000 for professional services before the referee.

The attorney for the executors makes this application on the theory that the referee has no authority to determine his compensation. Numerous hearings were had and voluminous testimony has been taken before the referee. The objectants to the account allege that the executors and their attorney were careless,

ignorant and inefficient in the management of the estate. The determination of the proper compensation of the attorney for the estate is dependent in large measure upon the determination of the questions raised regarding the management of the estate. The executors set forth in Schedule C-2 of their account the fact that the attorney for the estate has not been paid, and the services rendered are set forth in detail. The evidence to be adduced at a hearing upon this application would be to a great extent a repetition of the matters heard before the referee. Had the executors paid their attorney and claimed a credit therefor, there could be no question of the referee's authority to pass upon the reasonableness of the compensation. There is no practical difference whether the attorney's fee has been paid or remains unpaid. In either case the executors ask to be credited with the amount of the fee.

The provisions of section 262 of the Surrogate's Court Act require that all unpaid creditors or persons claiming to be creditors of the decedent be cited. The word "'creditor' includes  *  *  * any person having a claim for expense of administration." (Surr. Ct. Act, § 314, subd. 3.) Section 263 of the Surrogate's Court Act provides that "the surrogate must take the account, and hear the allegations and proofs of the parties, respecting the same and make such order or decree as justice requires." The attorney for the executors is a creditor, for he is a "person having a claim for expense of administration." A separate hearing would only cause added expense to the estate and to the objectants, and would serve no useful purpose. Everyone has been cited in the accounting proceeding and has notice of the unpaid claim for counsel fee contained in the account. No more formal notice of such application is made by bringing it separately under the provisions of section 231-a of the Surrogate's Court Act. There seems to be no valid objection to the fixing of the attorney's fee in the accounting proceeding. The referee may determine the reasonable value of the attorney's services to the estate. The attorney may be compensated for his services before the referee by the taxation of costs upon the settlement of the decree in the accounting.

The application herein is denied.