In the Matter of the Estate of KARL MILDENBERGER, Deceased.

Surrogate's Court, Bronx County, January 12, 1940.

*Russell, Shevlin & Russell* [*Matthew J. Shevlin* of counsel], for Mary Mildenberger, as administratrix of Henry W. Mildenberger, deceased.

*Chambers & Chambers*, for Matilda Mildenberger, as committee of Minna Mildenberger, executrix of Karl Mildenberger, deceased.

*Morris W. Weiner*, special guardian.

HENDERSON, S. This is a compulsory accounting by the committee for the incompetent executrix. The decedent died on

February 11, 1924, leaving him surviving his widow (the executrix), a daughter and a son. The son is not the child of the widow. The will bequeathed $1,000 to the daughter and to the son, respectively, and the residue to the widow. Letters testamentary were issued to the widow on October 9, 1924. The widow was judicially declared incompetent on May 19, 1936. The son died on October 6, 1936, and his widow was appointed his administratrix on July 26, 1938. She seeks payment from the estate of the $1,000 legacy to her husband.

The accountant is the daughter named in the will and is represented by the attorney who probated the will and conducted the transfer tax proceeding. She had no knowledge with respect to any satisfaction of this legacy. In her accounting, however, she asserted a claim for the $1,000 legacy to her. She withdrew this claim on the hearing. She resists the claim asserted by her brother's administratrix on the ground that it " is barred by laches, estoppel and the Statute of Limitations."

There is no evidence that the executrix repudiated her trust with respect to this legacy. In the absence of such a renunciation or disclaimer, the Statute of Limitations does not begin to run. (*Matter of Ashheim,* 111 App. Div. 176; affd., 185 N. Y. 609; *Matter of Beard,* 141 Misc. 888.)

It does not appear that the son or his administratrix made any representation of any kind to the executrix with respect to this legacy. Their conduct did not cause the executrix to change her position to her detriment; consequently there is no estoppel.

The third contention of the committee is that the claim is barred by laches. In *Treadwell* v. *Clark* (190 N. Y. 51) the Court of Appeals stated (at p. 60): " We have held it to be a matter of serious doubt whether the equitable doctrine of laches, as distinct from the Statute of Limitations, now exists in this State. (*Cox* v. *Stokes,* 156 N. Y. 511.)" In any event, a petitioner may not be defeated by the allegation of laches unless the delay is such as to have placed the respondent at a disadvantage which would make it inequitable to allow the prosecution of the claim. There is no such result in this case.

The funds of the estate were more than ample to pay this legacy. If it had been paid, the executrix could have accounted and been discharged, or she might have demanded a receipt and release. No such paper has been found and apparently none was prepared for her by her attorney in the probate and transfer tax proceeding.

Upon the facts and circumstances before me, I find that the legacy has not been paid. Payment will be decreed, with interest from October 9, 1925.

The committee makes claim to $520 for rent alleged to be due from the estate of the claimant to the executrix. As this is a personal claim of the executrix against her stepson, this court has no jurisdiction to pass upon it in this proceeding.

The transactions of the accountant as committee of the executrix, including a claim for credit for disbursements, have no place in this estate accounting and will be stricken out.

Settle decree.