In the Matter of the Estate of FREDERIC S. COVENTRY, Deceased.*

Surrogate's Court, Monroe County, October 30, 1941.

* Affd., 263 App. Div. 1064.

*Wynkoop & Toan* [*Thomas L. Toan* of counsel], for the petitioner.

*Weldgen, Newton & Morgan* [*Nicholas J. Weldgen* of counsel], for the respondent.

FEELY, S. Respondent moves to dismiss the petition to have this court reopen a decree of judicial settlement and to fix the amount of the legal services rendered by petitioner's testator in the probate of the will and liquidation of the estate of the above-named testator. The grounds urged are that the petition, on its face, in the most favorable light to the petitioner, not only does not state a cause of action, but also does set out facts which show that the claim made therein is barred by the six-year Statute of Limitations.

The facts alleged are that the petitioner's testator, a local lawyer, on July 12, 1926, probated the last will of respondent's testator, who had died on June 23, 1926. Letters testamentary issued on the day of probate. Thereafter, the attorney prepared and filed the tax returns to the State and Federal governments, and attended to the transfer of the assets to the widow, who was the sole legatee and the sole executrix of her husband's will. In addition thereto, petitioner's testator did much other legal work on account of the property holdings of the estate; and he continued to render such legal services up to the time of his death in July, 1931. It is also alleged that petitioner's testator in 1927, and thereafter and before his death presented to the respondent executrix a bill for his legal services in the sum of $2,500; and that she knew the nature, amount and value of his services; and that nothing was ever paid to petitioner's testator in his lifetime; nor to his executrix.

Petitioner also alleges that thereafter and on August 26, 1940, the respondent executrix, on her petition for judicial settlement containing the allegation that all claims had been paid, procured a decree to be made and entered by this court, without having cited the petitioner herein, discharging respondent as such executrix.

Petitioner prays that said decree be reopened; and that this court fix the value of said services, and order payment therefor be made by the respondent as executrix " and/or " by her as sole distributee.

In support of the motion to dismiss, respondent argues that the services were not rendered to the testator himself; but that they originated after his death in a contract between his executrix and the petitioner's testator, for which the executrix became personally liable; and for which the " estate " was not liable, except by way of possible reimbursement by the court; and that the lawyer's death on July 2, 1931, ended the relation of attorney and client; and that

an action for such services could have begun then, or a special proceeding initiated; and that the failure of the deceased lawyer's executrix to take any such steps to collect during the eleven years between the lawyer's death and the show cause order in this matter issued September 18, 1941, resulted in the six-year limitation barring any such cause of action the petitioner, or her testator, ever had; and that since midsummer of 1937 the statute has prevented any such proceeding as is now before this court.

The respondent also argues that the presentation of the bill to the executrix did not toll the statute under section 211 of the Surrogate's Court Act. This section provides, in substance, that unless a rejected claim is sued within three months in some other court, it "shall be tried and determined upon the judicial settlement" of the estate before the surrogate. Respondent argues that such effect is given only to claims based on the debts of the decedent himself, and not on contracts made by the executrix or administratrix.

In opposition, counsel for the petitioner relies on the wording of section 231-a of the Surrogate's Court Act:

" At any time during the administration of an estate, and irrespective of the pendency of a particular proceeding, the surrogate shall have power to hear an application for and to fix and determine the compensation of an attorney for services rendered to an estate or to its representative, or to a devisee, legatee, distributee or any person interested therein   *   *   *.

" The surrogate may direct payment therefor from the estate generally or from the funds in the hands of the representative belonging to any legatee, devisee, distributee or person interested therein."

Petitioner also argues that the liability of the executrix for legal services, in so far as found necessary and reasonable in amount, forms part of the expenses of administration which, with the funeral bill, are preferred claims, subject to no limitation of time so long as the estate is being administered; and that the presentation of the bill for such legal services tolls the statute quite as much as if the bill had been for a debt incurred by the testator himself.

The net result of the issue so joined seems to be this, that if the petitioner's claim be not barred by the statute, then the decree entered on the allegation of no outstanding debts, with knowledge of this bill having been theretofore presented, and without having cited this claimant, is not binding on this petitioner; and the decree should be reopened as to her by this court. The main question, therefore, is whether the presentation to an executrix of a bill for legal services rendered to the executrix after her testator's death, tolls the Statute of Limitations in like manner as if the services had been rendered to testator in his lifetime. More briefly, if not unfairly brief, the

question might be asked whether there be a difference between an administration expense and a testator's debt under the various statutes of limitation.

Aside from the time element, such an expense and such a debt are substantially alike in nature for the purposes of surrogate liquidation, except that the administration expense has the highest priority of payment. This similarly is recognized on the procedural side where the Surrogate's Court Act in its " Definition of expressions used in this act," by subdivision 3 of section 314, declares that the idea of any claim being actionable underlies both the term " debts " and the term " creditor;" and that the latter also includes " any person having a claim for expense of administration." (See, also, Surr. Ct. Act, § 217.)

Obviously, the expense incurred by an executrix for legal service in the discharge of her duty as such is an expense of administration, even if her efforts were unsuccessful and not beneficial to the estate. (*Matter of Williams*, 143 Misc. 527.) The connotation given the term " creditor " by the statute just quoted, permits the lawyer who rendered the legal service to compel the executor to account to the end that the reasonableness of his claim, as affecting other parties to the liquidation of the estate, might be adjudicated, and be paid for out of the estate, which would not necessarily be the case if the lawyer exercised his optional alternative to bring an action against the executrix personally. (*Matter of Rabell*, 175 App. Div. 345.) His choice of the first remedy is more advantageous to the executrix, and also to himself inasmuch as his choice would then more expeditiously effectuate his charging lien against the estate assets. In that course, it is immaterial what the limitation on action would have been had he chosen to begin a personal action against her.

His right to compel an accounting is recognized in the line of cases which hold that, where an executrix has taken the entire estate to herself, the mere lapse of time, even as much as fifteen years, is no bar to the claimant compelling the accounting, and the audit and payment of his claim therein. (*Matter of Beard*, 141 Misc. 888. See, also, *Matter of Musil*, 254 App. Div. 765.) The ten-year Statute of Limitations does not begin to run in such cases until the executor has clearly made known to the claimant that he or she repudiates all obligation to administer the estate. (*Matter of Jacobs*, 257 App. Div. 28; *Matter of Mildenberger*, 173 Misc. 64; affd., 259 App. Div. 1008.)

It should now be borne in mind in such matters as these that in the revision of 1914 there were very substantial changes made in the procedure of handling claims against an estate. It has been established that the presentation of a claim to an executor or

administrator — where the point of the claim being unverified is not raised immediately upon the presentation — that presentation of the claim tolls the statute and the claimant may begin a proceeding to compel an accounting even though more than six years have expired after the presentation. (*Matter of Schorer,* 154 Misc. 198; affd., 248 App. Div. 666; affd., 272 N. Y. 247.) Until there has been a release or a discharge of the person or body holding a letter of authority from this court to liquidate the estate and account to the court for so doing, the estate is deemed to be still open and in administration.

Consistently therewith, the Legislature in 1923, in making express the power of this court to fix an attorney's compensation and enforce his lien on the estate assets, began the new section 231-a with the declaration that the surrogate might exercise this power "At any time during the administration of an estate, and irrespective of the pendency of a particular proceeding." This section also declares the surrogate may direct payment from the estate, or from a legacy therein, after having fixed the compensation. To this extent the proceeding is tantamount to compelling the executrix to account for and deliver such assets of the estate as should go to satisfy the lien thereon.

In such a situation as is now presented this court may consolidate this proceeding under section 231-a with the reopening of the accounting in which the decree was entered as aforesaid (*Matter of Kaplan,* 139 Misc. 414; 6 Warren's Heaton on Surrogates' Courts, [6th ed.], § 345, ¶ 4, subd. [b]), and in which the petitioner is entitled to intervene as a claimant, notwithstanding the lapse of time.

Moreover, the courts have established the rule that " unless the facts, upon which the running of the Statute of Limitations depends are clear and uncontroverted, mere lapse of time is not a bar to the accounting, and that the question as to whether the Statute of Limitations is a bar to any claim made by the petitioners should not be decided before the accounting is had." (*Matter of Ashheim,* 111 App. Div. 176.)

The petitioner herein, therefore, is entitled to an order which shall provide first for the denial of the respondent's motion to dismiss, and then for a reopening of the decree of judicial settlement made and entered in this estate on August 26, 1940, and also providing for a consolidation of this proceeding with the accounting; and also permitting the petitioner to intervene therein; and requiring a trial by the court of the issue raised by the respondent's answer filed herein; and providing for a date of trial, to be fixed and inserted on the presentation of.the order for signature.

On notice, submit for signature and entry an order in accord with this decision.