[No. 5837.    Decided January 9, 1906.]

R. Lee Purdin *et al.*, *Respondents*, v. Washington National Building, Loan, and Investment Association, *Appellant.*[1]

Mortgages—Priority Over Liens for Irrigation Assessments— Failure to Foreclose. Where a mortgagee has taken a deed of the mortgaged premises in satisfaction of the mortgage, which was never foreclosed, he cannot claim that his interest is prior and paramount to that of a lien for irrigation assessments, where the date of his conveyance does not appear.

Irrigation—Organization of District—Collateral Attack. The organization of an irrigation district cannot be collaterally attacked in a proceeding to determine the priority of the liens of irrigation assessments over a mortgage on the premises assessed.

Appeal from a judgment of the superior court for Kittitas county, Rudkin, J., entered January 26, 1904, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action of ejectment. Affirmed.

*Kauffman & Frost*, for appellant.

Root, J.—Respondents commenced this action to recover possession of certain real property, to which they claim title under a sale for delinquent district taxes levied by the Middle Kittitas Irrigation District, organized under the act of March 20, 1890 (Laws 1889-90, p. 671). The defendant claims title to said property, with right of possession, as successor in interest to the persons owning said property at the time of the creation of said irrigating district, there being upon said property at that time a mortgage which was subsequently paid and satisfied by the owners making a deed of conveyance of said property to the mortgagee, this defendant, who accepted the same in satisfaction of said mortgage without any foreclosure proceedings being had. Appellant interposed two

[1]Reported in 83 Pac. 723.

affirmative defenses: (1) That its interest in said land attached prior to, and is paramount to, the title obtained by the sale for delinquent district taxes; (2) that the irrigation district was not legally organized because the petition for its organization did not carry the number of signatures which the law requires. No question is made of the regularity of the tax proceedings which culminated in the deed to respondents' grantor. In the lower court judgment went in favor of the plaintiffs, from which judgment defendant appeals.

Appellant contends that the taxes levied by the irrigating district could in no manner have preference over the mortgage lien which was upon the property at the time of the creation of the district, and that there is nothing in the statute authorizing the creation of such districts which gives taxes levied thereby a preference over prior liens. It is not necessary to determine this last contention at this time. The mortgage upon the premises was never foreclosed; consequently the interest acquired by respondents and their grantors was never decreed to be subordinate to said mortgage lien, or in any manner foreclosed by the owner of said mortgage. Appellant claims that the district was not created until August 3, 1891, on which day the commissioners of the county made and entered the order creating an irrigating district. The mortgage was given on July 27, 1891. The date of transfer from the mortgagor to the mortgagee does not appear. We can find nothing in the record showing appellant's title to be equal, or paramount, to that of respondents.

As to the contention that the district was not legally organized, we do not think that appellant can raise that question in this proceeding. Such an attack cannot be made collaterally. In the case of *Miller v. Perris Irrigation Dist.*, 85 Fed. 693, the United States circuit court for the southern district of California, in a case involving questions very similar to this before us, among other things said:

"The rule, sustained by the overwhelming current of authorities, and based on considerations of public policy, is

that, where a reputed corporation is acting under forms of law, unchallenged by the state, the validity of its organization cannot be drawn in question by private parties. Corporate franchises are grants of sovereignty only, and if the state acquiesces in their usurpation, individuals will not be heard to complain. Neither the nature nor extent of an illegality in its organization can affect the existence of a reputed corporation, if the requisites just stated are present; that is, if such corporation be acting under color of law, and the state makes no complaint. Where these requisites concur, there is a *de facto* corporation. Such corporation may legally perform every act which the same entity could perform, were it a corporation *de jure*. *People v. La Rue,* 67 Cal. 526, 8 Pac. 84."

The principle laid down in the case just cited seems to be the one generally accepted and followed by the courts in cases of this kind. *Dean v. Davis,* 51 Cal. 406; *Quint v. Hoffman,* 103 Cal. 506, 37 Pac. 514; *Norton v. Shelby County,* 118 U. S. 425, 6 Sup. Ct. 1121, 30 L. Ed. 178; *Rothchild Bros. v. Rollinger,* 32 Wash. 307, 73 Pac. 367.

We think that the judgment of the superior court was correct, and it is therefore affirmed.

Mount, C. J., Crow, Dunbar, Fullerton, and Hadley, JJ., concur.