[No. 6356.  Decided January 15, 1907.]

THE STATE OF WASHINGTON, *On the Relation of The Oregon Railroad & Navigation Company, Plaintiff,* v. THE SUPERIOR COURT FOR SKAMANIA COUNTY *et al.,* Respondents.[1]

EMINENT DOMAIN—RAILROAD—RIGHT OF WAY—DESCRIPTION—CERTAINTY.  A petition for condemnation for a railroad right of way describes the land "with reasonable certainty" within the requirements of the statute, when it gives the section, township, range, and county within which the land is situated and describes it as a strip of land seventy-five feet in width on each side of the center line of the petitioner's railway, as now located and staked out across a certain named donation land claim.

Certiorari to review an order of the superior court for Skamania county, McCredie, J., entered July 12, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, granting a petition to condemn a right of way through land appropriated by another railway.  Affirmed.

*W. W. Cotton* and *Arthur C. Spencer,* for relator.

*James B. Kerr* and *George T. Reid,* for respondents.

MOUNT, J.—This case is in all respects similar to *State ex rel. Columbia Valley R. Co. v. Superior Court, ante,* p. 316, 88 Pac. 332.  The questions therein decided are conclusive of the same questions presented here.  This case presents one other question not in that case, as follows: Whether the description of the lands sought to be condemned, as contained in the notice and the petition, is sufficient to confer jurisdiction upon the court.  The statute provides, at § 5637, Bal. Code (P. C. § 5102), that the petition shall describe the land "with reasonable certainty," and § 5638 (P. C. § 5103), provides that the notice shall contain a description of the land

[1]Reported in 88 Pac. 334.

sought to be appropriated.   The description of the land, as the same was contained in the petition and the notice in this case, was as follows:

"The following described strips and tracts of land situated in the county of Skamania and state of Washington, and more particularly described as follows, to wit, a strip of land one hundred and fifty feet in width, being seventy-five feet in width on each side of the center line of petitioner's railroad as the same is now located and staked out over and across the James M. Findley donation land claim, in section thirty-six, township three north, range eight east, Willamette Meridian, and section thirty-one, township three north, range nine east, Willamette Meridian, except a tract ten chains wide along the west side thereof."

This description locates the land, we think, with reasonable certainty.   The section, township, and range, and the county within which the land is situated are given, and besides this the land is described as seventy-five feet in width on each side of the center line of petitioner's railway, as the same is *now located and staked out* over and across the James M. Findley donation land claim.

"Describing the land sought to be condemned as a certain number of feet on each side of the center line of the railroad as the same is located and staked out and marked has been held sufficient."   3 Elliott, Railroads, 1501; 7 Ency. Plead. & Prac. p. 521; 21 Cyc. 855.

The fact that the decree contained a more exact description of the land by designating and describing the curves, etc., did not alter the sufficiency of the description contained in the notice and petition, nor did it indicate that the former descriptions were insufficient.   If the description contained in the petition and notice described the land with reasonable certainty, the court had jurisdiction.   We have no doubt that the description in the notice was sufficient.   The judgment is therefore affirmed.

HADLEY, C. J., CROW, FULLERTON, and RUDKIN, JJ., concur.

DUNBAR and ROOT, JJ., took no part.