[No. 6812.    Decided April 27, 1908.]

THE STATE OF WASHINGTON, *on the Relation of Northern Pacific Railway Company, Plaintiff*, v. THE SUPERIOR COURT FOR YAKIMA COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN—NECESSITY—CERTIORARI—REVIEW—EVIDENCE—SUFFICIENCY. Upon certiorari to review an order of condemnation by one railroad of part of the lands of another, the necessities of the two roads present questions of fact, and the findings of the trial judge will not be disturbed, where he had the advantage of seeing the witnesses, unless it is shown to be erroneous.

SAME—RIGHT TO CONDEMN—SUBSCRIPTION TO STOCK—EVIDENCE—SUFFICIENCY. Upon condemnation proceedings by a railroad company, a showing as to the subscription of its stock is sufficient although the principal portion was subscribed for by a stenographer, without means, employed in the office of the president of the company upon a small salary.

Certiorari to review an order of the superior court for Yakima county, Rigg, J., entered May 13, 1907, after a hearing on the merits, granting a petition to condemn a right of way through land owned by another railway company. Affirmed.

*B. S. Grosscup* and *Ira P. Englehart*, for relator.

*H. J. Snively* and *Danson & Williams* (*Fred H. Moore*, of counsel), for respondents.

ROOT, J.—The North Coast Railway brought an action to condemn a right of way for railroad purposes through a twenty-one acre tract of land owned by the Northern Pacific Railway Company in the city of North Yakima. The trial court, after due hearing, entered an order for the condemnation of a certain portion of the premises thus sought to be appropriated. Each company, feeling aggrieved by said order, has applied to this court for a writ of certiorari to review the proceedings of the superior court. It is urged by the North-

[1]Reported in 95 Pac. 490.

ern Pacific Railway Company that the taking by the North
Coast Railway of the portion awarded by the trial court
would seriously interfere with the purposes for which it, the
Northern Pacific Railway Company, will need, and for which
it intended to use, these premises in the future, to wit: for
storage and switching yards, repair, cleaning and coaling
tracks, for roundhouses, ice-houses, refrigeration of cars, and
other purposes incidental to its railroad business. The North·
Coast Railway urges that the trial court did not allow it a
sufficient amount of land, and that the refusal to allow it a
certain additional portion seriously interferes with the plans
of construction and operation of its proposed railway line.

It will be seen that these contentions present questions of
fact and opinion rather than questions of law. We do not
believe a discussion of the evidence would serve any useful
purpose. From an examination of it and a study of the ex-
hibits, we are not prepared to say that the trial court's con-
clusion was erroneous. We think it is justified. Hearing
the evidence, seeing the witnesses, being familiar personally
with the premises and the general conditions and environ-
ment, we are satisfied from the record that the honorable
trial judge endeavored to be fair with both of these parties,
and that his conclusion was equitable and just and sustained
by the evidence.

. It is urged by the Northern Pacific Railway Company that
no proper showing was made of the subscription to the capital
stock of the other company, in that the principal portion of
said stock was subscribed for by a stenographer in the office
of the president of the company, the stenographer being
without financial means other than a salary of seventy-five
dollars per month. In the light of former decisions of this
court, the contention cannot be sustained. *State ex rel. Biddle
v. Superior Court*, 44 Wash. 108, 87 Pac. 40; *Purdin v.
Washington etc. Assn.*, 41 Wash. 395, 83 Pac. 723; *State ex
rel. Oregon R. & Nav. Co. v. Superior Court*, 45 Wash. 321,
88 Pac. 334.

Finding no error in the record, the order of the superior court is affirmed.

HADLEY, C. J., DUNBAR, CROW, and RUDKIN, JJ., concur.

FULLERTON and MOUNT, JJ., took no part.