[No. 29940.   Department One.   July 25, 1946.]

THE STATE OF WASHINGTON, *on the Relation of St. Paul and Tacoma Lumber Company et al., Plaintiff,* v. HOBART S. DAWSON, *as Judge of the Superior Court for Whatcom County, Respondent.*[1]

[1] Reported in 171 P. (2d) 189.

*Maxwell & Seering,* for relators.

*Abbott & Lant* and *Evans, McLaren, Lane & Powell,* for respondent.

MALLERY, J.—This is an action to condemn a private way of necessity for logging road purposes over and across lands of the relators under the provisions of Rem. Rev. Stat. (Sup.), §§ 936-1, 936-2, and 936-3.

On March 25, 1946, after a hearing on the petition, the court entered an order of necessity holding that petitioners had the right to condemn a private way of necessity over relators' lands and set the date for the trial to assess the amount of the damages and compensation. The order directed the petitioner, at that trial, to furnish a description of the right of way by courses and distances.

The relators have brought the question of the validity of the preliminary order of necessity before this court on a writ of certiorari.

On its petition, the Blue Mountain Logging Company alleged, *inter alia:* (1) that it was a Washington corporation and had paid all license fees due the state; (2) that its articles of incorporation authorize it

". . . to appropriate lands, real estate, premises or other property for right of way or any other corporate purpose, to acquire by purchase or otherwise timber and timber lands, and to cut and log such timber and to construct and operate such logging roads as may be necessary or convenient for the prosecution of its logging operations and to transport logs or timber products over and across such logging roads";

(3) that Emily R. Seymour, as trustee, was and is the owner of certain timber and timberlands described as sections 19, 20, 21, 28, and 29, township 38 north, range 6 E. W. M., Whatcom county, Washington, and that, under a contract entered October 15, 1935, between Emily Seymour, as trustee, and Blue Mountain Logging Company, the latter was given the right to cut and remove timber from said land and further that said contract required the Blue Mountain Logging Company to secure rights of way necessary or convenient for the removal of timber from said land; (4) that it desires to cut and remove timber from lands under its alleged contract with Emily R. Seymour, which said lands are so situated with respect to lands of relators *that it is necessary in order to properly remove the logs, to have a right of way over lands* of relators for means of ingress and egress, and that it

". . . desires to condemn a right of way forty feet in width, being twenty feet on each side of the center line of a logging road as now constructed through, over and across the southeast quarter of the southwest quarter (SE¼ SW¼) and the southwest quarter of the southeast quarter (SW¼ SE¼) of section 19, township 38 north, range 6 E. W. M., Whatcom county, Washington;"

(5) that as a condition precedent to the acquisition of the way sought, petitioner

". . . will contract and agree to carry and convey over such logging road constructed thereon, to either terminus thereof, any of the timber or other produce of lands through which such right of way is acquired at any and all times, so long as said road is maintained and operated, and at reasonable prices,"

and that upon their failure to do so, such right of way shall terminate, the reasonableness of the rates for such transportation to be subject to determination by the public service commission of the state of Washington.

On March 11, 1946, Blue Mountain Logging Company, through its attorneys, presented the petition to the court, relators herein appearing and objecting to the jurisdiction. Relators' objection to the jurisdiction was based upon the ground that the notice and petition were inadequate, in

that they failed to sufficiently describe the way sought to be condemned. This objection was overruled. Hearing on the petition was set for March 15, 1946.

At the hearing on March 15, 1946, relators renewed objections to the jurisdiction and sufficiency of the petition and objected to the introduction of evidence. Upon being overruled, relators moved that the petition be made more definite and certain by setting forth a description of the way sought, which motion was denied by the court.

It is contended that the description in the notice and petition is insufficient to confer jurisdiction upon the court to enter an order of necessity because it does not describe the right of way sought by courses and distances.

The notice and petition describe the property to be condemned in the following manner:

"A right of way forty feet in width, being twenty feet on each side of the center line of a logging road as now constructed through, over and across the Southeast quarter of the Southwest quarter (SE¼ SW¼) and the Southwest quarter of the Southeast quarter (SW¼ SE¼) of Section 19, Township 38 North, Range 6 E. W. M., Whatcom County, Washington."

This method of describing land to be condemned was expressly approved by this court in *State ex rel. Oregon R. & Nav. Co. v. Superior Court,* 45 Wash. 321, 88 Pac. 334. In approving this method of description, the court said:

"This description locates the land, we think, with reasonable certainty. The section, township, and range, and the county within which the land is situated are given, and besides this the land is described as seventy-five feet in width on each side of the center line of petitioner's railway, as the same is *now located and staked out* over and across the James M. Findley donation land claim.

" 'Describing the land sought to be condemned as a certain number of feet on each side of the center line of the railroad as the same is located and staked out and marked has been held sufficient.' 3 Elliott, Railroads, 1501; 7 Ency. Plead. & Prac. p. 521; 21 Cyc. 855."

This method of description was also approved in *State ex rel. Abbott v. Superior Court,* 121 Wash. 181, 209 Pac. 17. There, the land was described with reference to the

center line of a certain slough. The court held that this description was sufficient, stating:

"It seems to us that the land proposed to be taken is described with reasonable certainty, and this is all that the law requires."

See, also, *State ex rel. Walton v. Superior Court,* 18 Wn. (2d) 810, 140 P. (2d) 554.

Relators rely on the case of *State ex rel. Patterson v. Superior Court,* 102 Wash. 331, 173 Pac. 186, in support of its contention that the description was insufficient. The facts in that case, however, are very different from those here presented. There, the petitioner encountered considerable difficulty in describing the lands by metes and bounds because of the uncertainty as to the ownership of certain tidelands, uplands, and vacated streets. The supreme court, in its opinion, resolved these difficulties, and its decision merely required the petitioner to refile a metes and bounds description which had theretofore been filed and subsequently withdrawn. Therefore, the decision of the supreme court did no more than has been done in this case, namely, require that an exact description of the property be on file at the time of the hearing on the matter of appropriation and compensation.

It is contended that no necessity was pleaded in the petition such as is contemplated by the statute. They say:

"It is to be noted that the petitioners in their petition merely stated that the way which they sought was 'necessary, in order to *properly remove* the logs' from their land."

They contend this allegation falls far short of the requirements that the way is necessary or even reasonably necessary, and that the complaint therefore fails to state a cause of action.

Rem. Rev. Stat. (Sup.), § 936-1, provides in part:

"An owner or one entitled to the beneficial use, of land which is so situate with respect to the land of another that it is *necessary for its proper use and enjoyment* to have and maintain a private way of necessity . . ." (Italics ours.)

We think that "properly remove logs" from timberlands is a sufficient allegation of the "proper use and enjoyment" of the timberlands as contemplated by the statute.

Relators contend that an existing roadway or improvement cannot be condemned for similar use, because

"Such power may not be exercised arbitrarily or indiscriminately so as merely to take property away from one corporation and give it to another." *State ex rel. Skamania Boom Co. v. Superior Court*, 47 Wash. 166, 169, 91 Pac. 637.

It has long been established in this state that a private way of necessity may be condemned over an existing road or right of way. *State ex rel. Colyn v. Superior Court*, 132 Wash. 411, 232 Pac. 282; *State ex rel. Polson Logging Co. v. Superior Court*, 11 Wn. (2d) 545, 119 P. (2d) 694. The use to which the condemnor would put the road is not exclusive of the uses to which the owners might wish to put the road. In the *Colyn* case, *supra*, the court pointed out:

"The use of this road for a private way of necessity does not differ from the use it is already put to by respondents, and it will in nowise destroy or impair the use of the road by respondents."

Furthermore, the condemnor is required by law to agree to transport the products of the owner over the road.

The trial court was of the opinion that, for the purpose of the hearing on the question of the existence of a necessity for the way, the description was sufficient. The court, however, ordered that, before the conclusion of the proceedings, that is, before the hearing to secure the decree of appropriation and assess the damages by a jury, a further description by courses and distances should be furnished. This was, in effect, a granting of the relators' motion to make more definite and certain, at an appropriate time. On the question of the existence of a necessity, the description was clearly adequate.

Relators cite Rem. Rev. Stat., § 921 [P.P.C. § 28-1], which provides in part:

"§ 921. Eminent domain by corporations—Petition, requisites of. *Any corporation authorized by law* to appropriate

land, real estate, premises, or other property for right of way or any other corporate purposes, . . ." (Italics ours.)

Then they point out that Rem. Rev. Stat. (Sup.), § 3803-8 [P.P.C. § 441-13] prescribes the conditions that must be met before a corporation formed under the laws of Washington may

". . . incur any debts or begin the transaction of any business, except such as is incidental to its organization or to the obtaining of subscriptions to or the payment for its shares. . . ."

The conditions prescribed by this statute are: (1) A triple original of the articles of incorporation has been filed in the office of the auditor as provided in section 5; (2) the amount of paid-in capital with which it will begin business, as stated in the articles of incorporation has been fully paid; and (3) there has been filed in the office of the auditor of the county in which the corporation has its registered office an affidavit signed by at least a majority of the board of directors, stating that the amount of paid-in capital with which it will commence business, as stated in the articles of incorporation, has been fully paid.

Because of these statutory provisions, they conclude that, until it has been proved that all three of these conditions are complied with, a corporation is not authorized to do business, and consequently cannot be held to be a *corporation authorized by law to condemn lands* or ways of necessity as contemplated by Rem. Rev. Stat., § 921, and that, since petitioners failed to prove them, their petition should have been denied.

This is a *non sequitor*. The language of the statute, "Any corporation authorized by law to appropriate land," etc., refers to Rem. Rev. Stat. (Sup.), § 936-1, which defines who are authorized by law to appropriate land as

". . . an owner or one entitled to the beneficial use, of land which is so situate with respect to the land of another that it is necessary for its proper use and enjoyment to have and maintain a private way of necessity . . . over or through the land of such other . . . may condemn and

take lands of such other sufficient in area for the construction and maintenance of such private way of necessity, . . ."

and not to Rem. Rev. Stat. (Sup.), § 3803-8, which deals with corporations generally.

■ With respect to these matters, the popular rule is that the mere bringing of the action creates a presumption that all conditions precedent, which are not required to be alleged, have been performed. Unless these matters are put in issue by a proper pleading, they need not be proved. What must be alleged and proved is set out in Rem. Rev. Stat. (Sup.), § 3836-12 [P.P.C. § 460-23], which provides:

"Payment as condition on right to sue or defend—Pleading and proof. No corporation shall be permitted to commence or maintain any suit, action, or proceeding in any court of this state, without alleging and proving that it has paid or contracted to pay as hereinafter provided, all fees due the State of Washington under existing law or this chapter."

■ The proof of the payment of fees due the state was made in this case by parol evidence. We are urged to overrule *Eastman & Co. v. Watson*, 72 Wash. 522, 130 Pac. 1144, and henceforth require the introduction in evidence of the receipt of the secretary of state to prove payment, for the reason that is the best evidence. We find no impelling reason for overruling our prior rulings on this question and decline to do so.

■ Relators contend that the evidence did not show a necessity for the right of way and that opinion evidence based on facts not proven in the case was erroneously admitted. As to the latter, the witnesses, Mr. Johnson and Mr. Harvey, both expert witnesses, testified that they were thoroughly familiar with the area in question and, indeed, both had made surveys as to the possible methods of logging the area. It seems very clear from a consideration of the lengthy testimony of the two witnesses that the opinions given by both were founded on facts within their own knowledge which were related in evidence many times dur-

ing the course of their examination. This contention is without merit.

The "necessity" contemplated by the statute is a reasonable necessity under all the circumstances of the case. *State ex rel. Eastern R. & Lbr. Co. v. Superior Court,* 127 Wash. 30, 219 Pac. 857; *State ex rel. Polson Logging Co. v. Superior Court, supra.*

In the *Polson* case, the court quoted with approval the following language from an Alabama case, at p. 562:

" 'A necessity, such as authorizes one railroad corporation to condemn a part of the right of way of another, does not mean an absolute and unconditional necessity as determined by physical causes, but a reasonable necessity under the circumstances of the particular case, dependent upon the practicability of another route, considered in connection with the relative cost to one and probable injury to the other; and the right of condemnation is not made out, unless the petitioning company shows that the cost of acquiring and constructing its road on any other route clearly outweighs the consequent damage which may result to the older company.' "

The mere showing that another route is feasible will not defeat the proposed route as a proper selection. The defendant must show that in the selection of the route there was bad faith, oppression, or abuse of power. It has been so held in *State ex rel. Grays Harbor Logging Co. v. Superior Court,* 82 Wash. 503, 144 Pac. 722; *State ex rel. Eastern R. & Lbr. Co. v. Superior Court, supra; State ex rel. Sherman Creek Land & Irr. Co. v. Superior Court,* 148 Wash. 680, 270 Pac. 104; *State ex rel. Wheeler v. Superior Court,* 154 Wash. 117, 281 Pac. 7.

In the recent case of *State ex rel. Polson Logging Co. v. Superior Court, supra,* the court summarized the rule in saying on p. 562:

"The general rule is that the condemnor has a right to select the route it desires to acquire for a right of way, with which selection the courts will not interfere, except in case of a clear showing of bad faith on the part of the condemnor in making such selection."

The testimony in the case is long and somewhat technical. Since the trial court has found in favor of the petitioners, and we are satisfied that the evidence amply supports its findings, we think no useful purpose would be served by setting it out at length here.

The order of necessity is affirmed.

BEALS, C. J., MILLARD, STEINERT, and SIMPSON, JJ., concur.

---

September 5, 1946. Petition for rehearing denied.