247 P.3d 1 (2011)
Rogelio H.A. RUVALCABA and Elaine H. Ruvalcaba, husband and wife, Appellants,
v.
KWANG HO BAEK and Lyung Sook Baek, husband and wife, and Arne S. Ijpma and Siew Loon, husband and wife, and John A. Dyer and Pauline T. Dyer, husband and wife, and Steven J. Day and Catherine L. Day, husband and wife, and Livingston Enterprises, LLC, an Alabama limited liability company, and Karen M. Omodt, a single woman, and Matthew Golden and Jane Borkowski, husband and wife, and Carl E. Johnson and Phyllis Johnson, husband and wife, and William V. Kitchin and Cheryl L. Kitchin, husband and wife, Respondents,
Karen Klepper, a single woman, Defendant.
No. 63572-7-I.
Court of Appeals of Washington, Division 1.
January 31, 2011.
*2 Pierre E. Acebedo, Acebedo & Johnson, LLC, Puyallup, WA, for Appellants.
Timothy J. Graham, Hanson Baker Ludlow, Bellevue, WA, Jackson Schmidt, Attorney at Law, Seattle, WA, for Respondents.
LEACH, A.C.J.
¶ 1 This case presents an issue of first impression in Washington, whether a landowner may condemn a private way of necessity after voluntarily landlocking his property. Rogelio and Elaine Ruvalcaba appeal a trial court's decision that they may not condemn a private way of necessity under RCW 8.24.010 because they previously landlocked their land by severing and selling that part of their property with public road access without reserving access across it.[1] They also appeal an award of attorney fees to the current owners of the severed parcel.
¶ 2 Because RCW 8.24.010 entitles any landowner to condemn a way of necessity upon a showing only of a need of the way for the land's "proper use and enjoyment," Ruvalcabas' earlier conveyance does not operate to legally bar this action. Instead, it constitutes one fact to be considered by the trier of fact with all other relevant facts to decide whether Ruvalcabas have made the showing of necessity required by the statute. And, because Ruvalcabas did not seek to condemn any part of the severed parcel, the trial court erred in awarding fees to its current owner. We reverse and remand for further proceedings.

FACTS
¶ 3 In 1965, the Ruvalcabas purchased land in northeast Seattle. Steep slopes divide the property into upper western and lower eastern portions. The eastern portion abuts and has access to 42nd Avenue NE, which runs in a north-south direction. The western portion is surrounded on the north, west, and south sides by residential property. Additional residential properties to the north separate the Ruvalcabas' property from nearby NE 135th Street. NE 135th Street runs in an east-west direction.
¶ 4 In 1971, the Ruvalcabas sold the eastern portion (severed parcel) without reserving access over it to the remainder of their property. They claim that they did not reserve access because of the lack of any practical route, due to the topography of the *3 property. Before the conveyance, the Ruvalcabas tried to create an access corridor to NE 135th Street by negotiating easements with their northerly neighbors but secured only some of the easements they needed. In 1991, the Ruvalcabas revived these negotiations to no avail. Consequently, the western parcel has remained landlocked since 1971.[2]
¶ 5 In 2005, GeoEngineers, Inc., conducted a geotechnical evaluation of the landlocked parcel and concluded that the construction of a residence on the west parcel was feasible. The Ruvalcabas again renewed their efforts to negotiate easements to NE 135th Street, and again they were unsuccessful. They then sued owners of properties located between their land and NE 135th Street, alleging a single cause of action, seeking to establish an implied easement by necessity across their properties.
¶ 6 In response to the defendants' motion to dismiss, the Ruvalcabas moved to amend their complaint to join additional neighbors whose properties, together with those of the named defendants, would provide access to NE 135th Street. The Ruvalcabas also sought to amend their complaint to add a claim for condemnation of a way of necessity. They did not, however, seek to join the current owners of the severed parcel, William and Cheryl Kitchin.
¶ 7 The trial court denied the motion to amend and dismissed the case with prejudice as time-barred by the applicable statute of limitations. We affirmed in part, holding that the Ruvalcabas' original cause of action failed to state a proper claim.[3] We also stated that the Ruvalcabas "must first seek a declaratory judgment determining that access through the [severed parcel] is unreasonable" before seeking to privately condemn their neighbors' land.[4]
¶ 8 In July 2008, the Ruvalcabas filed this private condemnation action against a group of property owners collectively referred to as the "Day Group." They also sought determinations that the easements obtained in 1971 remained valid and that access over the severed parcel was unreasonable. But they did not join the Kitchins.
¶ 9 Citing our earlier opinion, the Day Group moved to compel joinder of the Kitchins. After the trial court granted the motion, the Ruvalcabas amended their complaint to add the Kitchins as additional defendants. In their amended complaint, the Ruvalcabas asked the court to declare that access across the severed parcel was unreasonable or, alternatively, "that there exists an implied easement by necessity over the severed parcel into what now constitutes Defendant Kitchin's property."
¶ 10 The Day Group then moved for summary judgment and asked for attorney fees under chapter 8.24 RCW. The Kitchins joined the Day Group's motion in part and moved separately for summary judgment. The Kitchins, however, did not include in their motion any request for attorney fees. In separate orders, the trial court granted summary judgment to all defendants and awarded them attorney fees. The court relied on cases from other jurisdictions, English Realty Co. v. Meyer[5] and Graff v. Scanlan,[6] to conclude that "one cannot create, by one's own action of landlocking one's property, the `reasonable necessity' that is an element of the plaintiffs' case in a private condemnation of a way by necessity." The court decided that the Ruvalcabas' intentional failure to timely use, occupy, and possess any portion of the severed parcel after 1971 extinguished any potential common law right to an implied easement by necessity over the Kitchins' property.
¶ 11 Ruvalcabas appeal.

*4 STANDARD OF REVIEW
¶ 12 This court reviews a summary judgment order de novo, engaging in the same inquiry as the trial court.[7] Summary judgment is proper if, after viewing all facts and reasonable inferences in the light most favorable to the nonmoving party, there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law.[8] The interpretation and applicability of a statute also presents questions of law reviewed de novo.[9]

ANALYSIS
¶ 13 In a matter of first impression, we must decide whether a grantor who knowingly landlocks property through the voluntary segregation and sale of a portion of the property later may use Washington's private condemnation statute to acquire access.[10]
¶ 14 While the Washington Constitution generally prohibits the taking of private property for private use, article I, section 16 expressly allows private property to be taken to create "private ways of necessity."[11] This constitutional provision is not self-executing. The legislature has declared the conditions under which private property may be condemned for this purpose in chapter 8.24 RCW.[12] The pertinent provision, RCW 8.24.010, states,
An owner, or one entitled to the beneficial use, of land which is so situate with respect to the land of another that it is necessary for its proper use and enjoyment to have and maintain a private way of necessity. . . may condemn and take lands of such other sufficient in area for the construction and maintenance of such private way of necessity. . . . The term "private way of necessity," as used in this chapter, shall mean and include a right of way on, across, over or through the land of another for means of ingress and egress, and the construction and maintenance thereon of roads.
But because the taking of private property without a public benefit is a remedy of last resort, courts strictly construe this statute.[13]
¶ 15 Washington does not require that the need for a way of necessity be absolute.[14] Instead, the way must be reasonably necessary under the facts of the case,[15] as distinguished from being merely convenient or advantageous.[16] The "condemnor has the burden of proving the reasonable necessity for a private way of necessity, including the absence of alternatives."[17]
¶ 16 The Day Group contends the Ruvalcabas' requested access is not reasonably necessary *5 because the Ruvalcabas knowingly, voluntarily, and willfully landlocked their property. Because no Washington case directly supports this claim, the Day Group urges this court to follow English Realty and Graff. The courts in those cases refused to grant a private way of necessity because the voluntary acts of the party seeking to condemn access over the land of another created the need for the access.
¶ 17 In response, the Ruvalcabas contend that their conveyance of the severed parcel does not, as a matter of law, bar relief under RCW 8.24.010.[18] They contend that English Realty has little persuasive value since Louisiana courts have limited it to its facts.[19] They also attempt to factually distinguish English Realty and Graff. They assert that the plaintiff in English Realty appears to have had an alternate access available and that the property topography in Graff did not make reservation of access impractical.
¶ 18 English Realty and Graff provide only persuasive authority to this court[20] and little guidance for the construction of a Washington statute implementing a provision of our state constitution. When interpreting a statute, our primary objective is to ascertain the legislature's intent,[21] beginning with the statute's plain meaning.[22] We discern plain meaning from the ordinary language used and will not add words where the legislature has not included them.[23] We assume that the legislature means exactly what it says.[24]
¶ 19 The Day Group essentially asks the court to write into RCW 8.24.010 a clean hands threshold requirement not included by the legislature. The Day Group asks the court to limit the availability of relief under chapter 8.24 RCW to a smaller group of landowners than that described by the legislature in the statute, any "owner, or one entitled to the beneficial use, of land which is so situate with respect to the land of another that it is necessary for its proper use and enjoyment to have and maintain a private way of necessity."[25] The Day Group has not identified any ambiguity in RCW 8.24.010 or suggested any reason why we should decide that the legislature meant something different than what it said. We reject the invitation to usurp the role of the legislature and write into RCW 8.24.010 language addressing a policy decision properly made by the legislature.
¶ 20 The legislative history of chapter 8.24 RCW supports our decision. The legislature has imposed limitations upon the relief available under chapter 8.24 RCW as it has determined appropriate. For instance, when alternative routes for a way of necessity exist, the legislature has mandated the priorities for courts to use when selecting a route.[26] Also, when the provisions of chapter 8.24 RCW are used to acquire a right-of-way for a logging road, the condemnor is required to carry and convey timber and other produce from the land through which the road is acquired at reasonable prices.[27] The failure to do so terminates the right-of-way.[28]
¶ 21 The very concept of reasonable necessity, as contrasted with absolute necessity, suggests a fact-driven inquiry generally to be *6 decided on a case-by-case basis. The facts of this case illustrate why. The availability and value, as a home site, of the property retained by Ruvalcabas may have changed dramatically between 1971 and the present. This in turn may have impacted the economic feasibility of constructing a road over the severed parcel over the same period of time. Since 1971 the costs and techniques for building roads up steep slopes relative to land values may also have changed.
¶ 22 In conclusion, we hold that a property owner's conveyance severing legal access to a parcel does not bar a private condemnation action under RCW 8.24.010. Instead, it is a fact to be weighed with all other relevant evidence to determine the reasonable need for a way of necessity.
¶ 23 The Ruvalcabas also challenge the trial court's award of attorney fees to the Kitchins. The trial court awarded fees and costs to the Kitchins because it found that they were "necessary parties to plaintiffs' private condemnation claims." In Washington, a court has no authority to award attorney fees in the absence of a contract, statute, or recognized ground of equity providing for fee recovery.[29] According to the Ruvalcabas, the statute under which the court awarded fees and costs, RCW 8.24.030, does not apply because the Kitchins were never potential condemnees. We agree.
¶ 24 RCW 8.24.030 states, "In any action brought under the provisions of this chapter for the condemnation of land for a private way of necessity, reasonable attorneys' fees and expert witness costs may be allowed by the court to reimburse the condemnee." This statute has been construed to authorize an award to both condemnees and potential condemnees.[30] Because the statute does not define the term "condemnee," we may resort to dictionary definitions to give the word its ordinary meaning.[31]Black's Law Dictionary defines a condemnee as "[o]ne whose property is expropriated for public use or taken by a public works project."[32] In a private condemnation action, the term means one whose property is expropriated or taken for private use. Thus, RCW 8.24.030 authorizes a fee award to any property owner whose property potentially could have been expropriated for a private use in the pending action.
¶ 25 The Ruvalcabas never sought to condemn any part of the Kitchins' property. Instead, as an alternative to their condemnation action against the Day Group, they requested a declaration that an implied easement by necessity existed across the severed parcel. This common law claim requested a declaration of existing rights and burdens between adjacent parcels as opposed to an expropriation or taking of property. The Kitchins cite no authority for the proposition that they were potential condemnees in this case. Under these circumstances, we hold that they are not entitled to a fee award under RCW 8.24.030, as a matter of law.[33]
¶ 26 Mere joinder of Ruvalcabas' claims against the Kitchins with the condemnation does not justify the fee award. Although our prior decision required the Ruvalcabas to resolve the reasonableness of access across the severed parcel, their claims for a common law implied easement and for private condemnation remain separate and distinct causes of action. A defendant joined in a lawsuit involving multiple causes of action may not recover fees simply because fees are statutorily authorized for a claim not asserted against that defendant. This is consistent with the general rule that when fees are recoverable for some, but not all, of a party's claims, a fee award must segregate the time expended on claims for which fees are authorized.[34] *7 The trial court erred in awarding fees.
¶ 27 Both the Ruvalcabas and the Day Group request fees and costs on appeal. Because Ruvalcabas' entitlement to a way of necessity remains unresolved, we deny these requests as premature. The Kitchins also request attorney fees on appeal. But, as explained above, they are not entitled to a fee award under RCW 8.24.030. Therefore, we deny their request.

CONCLUSION
¶ 28 Because a landowner's action landlocking its property does not as a matter of law preclude that party from later seeking relief under RCW 8.24.010, we reverse the trial court's summary judgment in favor of the Day Group. We also reverse the award of attorney fees to the Kitchins because they were never potential condemnees under RCW 8.24.030. We remand for further proceedings consistent with this opinion.
WE CONCUR: SCHINDLER and BECKER, JJ.
NOTES
[1] This is the second time that these parties have appeared before this court. See Ruvalcaba v. Kwang Ho Baek, noted at 140 Wash.App. 1021, 2007 WL 2411691.
[2] Although the property was sold in 1971, the conveyance apparently was not recorded until 1972.
[3] Ruvalcaba, 140 Wash.App. 1021, 2007 WL 2411691, at *2.
[4] Ruvalcaba, 140 Wash.App. 1021, 2007 WL 2411691, at *3.
[5] 228 La. 423, 433, 82 So.2d 698 (1955) (landowner not entitled to condemn a private road over adjoining land where enclosure is direct consequence of act of party seeking relief).
[6] 673 A.2d 1028, 1033 (Pa.Commw.Ct.1996) (landowners who voluntarily create their own landlock are precluded from condemning a private road over another's property).
[7] Quadrant Corp. v. Am. States Ins. Co., 154 Wash.2d 165, 171, 110 P.3d 733 (2005).
[8] CR 56; Torgerson v. N. Pac. Ins. Co., 109 Wash. App. 131, 136, 34 P.3d 830 (2001).
[9] Quality Food Ctrs. v. Mary Jewell T, LLC, 134 Wash.App. 814, 817, 142 P.3d 206 (2006).
[10] In Olivo v. Rasmussen, 48 Wash.App. 318, 319-20 738 P.2d 333 (1987), the court addressed the issue of whether a landowner could condemn a private way of necessity after the settlement of the State's eminent domain landlocked the property. Because pending litigation did not produce Ruvalcabas' conveyance, Olivo is factually distinguishable and of only limited guidance.
[11] Article I, section 16 of the Washington Constitution provides, "Private property shall not be taken for private use, except for private ways of necessity."
[12] Brown v. McAnally, 97 Wash.2d 360, 366, 644 P.2d 1153 (1982).
[13] Beeson v. Phillips, 41 Wash.App. 183, 186, 702 P.2d 1244 (1985).
[14] Brown, 97 Wash.2d at 367, 644 P.2d 1153 (citing State ex rel. Polson Logging Co. v. Superior Court, 11 Wash.2d 545, 562-63, 119 P.2d 694 (1941)).
[15] Brown, 97 Wash.2d at 367, 644 P.2d 1153 (citing Poison Logging Co., 11 Wash.2d at 562-63, 119 P.2d 694).
[16] Brown, 97 Wash.2d at 367, 644 P.2d 1153 ("necessity" as used in RCW 8.24.010 is determined under the facts of the case); State ex rel. St. Paul & Tacoma Lumber Co. v. Dawson, 25 Wash.2d 499, 503-04, 171 P.2d 189 (1946) ("necessity" under REM.REV.STAT. § 936-1, predecessor statute to RCW 8.24.010, is determined according to all the circumstances).
[17] Noble v. Safe Harbor Family Pres. Trust, 167 Wash.2d 11, 17, 216 P.3d 1007 (2009) (citing State ex rel. Carlson v. Superior Court, 107 Wash. 228, 234, 181 P. 689 (1919)).
[18] The Ruvalcabas do not appeal the court's rejection of an implied easement by necessity across the severed parcel.
[19] See, e.g., Rockholt v. Keaty, 256 La. 629, 639, 237 So.2d 663 (1970).
[20] In re Pers. Restraint of Crace, 157 Wash.App. 81, 98 n. 7, 236 P.3d 914 (2010) (appellate courts bound only by decisions from Washington Supreme Court and nonsupervisory decisions from the United States Supreme Court).
[21] Lake v. Woodcreek Homeowners Ass'n, 169 Wash.2d 516, 526, 243 P.3d 1283 (2010) (quoting Arborwood Idaho, LLC v. City of Kennewick, 151 Wash.2d 359, 367, 89 P.3d 217 (2004)).
[22] Kennedy v. Martin, 115 Wash.App. 866, 868, 63 P.3d 866 (2003).
[23] Lake, 169 Wash.2d at 526, 243 P.3d 1283 (quoting Rest. Dev., Inc. v. Cananwill, Inc., 150 Wash.2d 674, 682, 80 P.3d 598 (2003)).
[24] Davis v. Dep't of Licensing, 137 Wash.2d 957, 964, 977 P.2d 554 (1999).
[25] RCW 8.24.010.
[26] See RCW 8.24.025.
[27] RCW 8.24.040.
[28] RCW 8.24.040.
[29] Dayton v. Farmers Ins. Group, 124 Wash.2d 277, 280, 876 P.2d 896 (1994).
[30] Kennedy, 115 Wash.App. at 872-74, 63 P.3d 866.
[31] Beckman v. Wilcox, 96 Wash.App. 355, 363-64, 979 P.2d 890 (1999).
[32] BLACK'S LAW DICTIONARY 332 (9th ed.2009).
[33] The parties debate whether Noble applies. However, RCW 8.24.030 applies in that case as the only cause of action asserted against the adjoining property owner was a statutory condemnation claim. Safe Harbor Family Pres. Trust v. Noble, noted at 120 Wash.App. 1060, 2004 WL 569290, at *4, *6. Because Noble does not involve a common law implied easement claim, it provides no precedent controlling this case.
[34] Boguch v. Landover Corp., 153 Wash.App. 595, 619-20, 224 P.3d 795 (2009).