TAYLOR, Appellant, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

TAYLOR, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*November 19 — December 6, 1892.*

*Railroads: Condemnation of land: Prosecution of proceedings by owner: "Cost and expense" recoverable: Evidence of value of at-torney's services.*

1. Under sec. 1852, R. S., providing that in certain cases, where the railway company delays or omits to prosecute condemnation pro-ceedings, the land-owner may prosecute the same "at its cost and expense," such owner is entitled to full indemnity for his necessary expenditures, including attorney's fees, up to the time an appeal is taken from the award of the commissioners. At that time (under

Taylor vs. The Chicago, Milwaukee & St. Paul R. Co.

secs. 1849, 1850) the proceeding becomes an action in which the prevailing party is entitled to costs.

2. The evidence as to the value of attorney's services in condemnation proceedings being meagre and unsatisfactory, the circuit judge might properly use his own knowledge in fixing such value, where most of the services were rendered before him.

APPEALS from the Circuit Court for *Milwaukee* County.

The railway company laid one of its tracks upon the lot of the plaintiff in the city of Milwaukee, and delayed or omitted to institute and prosecute condemnation proceedings to ascertain the compensation to which the plaintiff is entitled because thereof. Thereupon the plaintiff instituted such proceedings, and procured the appointment of commissioners to determine such damages. The commissioners made such award, and both parties appealed therefrom to the circuit court. On the trial of those appeals the plaintiff recovered increased damages.

The plaintiff applied to the court to adjust and fix the amount of his costs and expenses in the matter of such proceedings. He claimed $3,000 for attorneys' fees, and $65 for necessary disbursements. The only proof of the value of such services was his own affidavit to the effect that he is advised and believes he is liable to his attorney for the whole $3,000 claimed, and that the same is not an unreasonable charge. He also made affidavit of the necessity of the other expenditures charged as disbursements. An affidavit on behalf of the railway company was read on the hearing of the motion, which contains nothing material to the determination of these appeals, except a denial of the necessity for such disbursements of $65. The court made an order allowing the plaintiff $500 for services of his attorney in the condemnation proceedings down to the time the appeals were taken from the award of the commissioners. The court also allowed the disbursements charged at $65. Each party appeals from such order.

Taylor vs. The Chicago, Milwaukee & St. Paul R. Co.

*N. S. Murphey,* for the plaintiff, argued that the attorney's fees were a part of the necessary "cost and expense." It has been held that the words "costs, charges, and expenses" in a bond of indemnity, include attorney's fees, and the right accrues without actual disbursements being made. *Scott v. Tyler,* 14 Barb. 202; *Bancroft v. Winspear,* 44 id. 209; *Rockfeller v. Donnelly,* 8 Cow. 628; *Jansen v. Hilton,* 10 Johns. 549; *Barry v. Mandell,* id. 563; *Gilbert v. Wiman,* 1 N. Y. 550; *Conner v. Reeves,* 103 id. 527; *Nat. Bank v. Bigler,* 83 id. 61; *Hume v. Hendrickson,* 79 id. 127.

*C. H. Van Alstine,* for the defendant, to the point that the term "cost 'and expense" was not meant to cover attorney's fees, cited *Marshall F. Co. v. Hadley F. Co.* 5 Cush. 602.

LYON, C. J. We are of the opinion, and so hold, that the provision of the statute which entitles the plaintiff to the cost and expense of prosecuting the condemnation proceedings when the company, by its neglect or omission, has compelled the plaintiff to institute the same (R. S. sec. 1852), is not limited by what would be taxable costs in an action. If such was the intention of the legislature, we think the term "and expense" would have been omitted. The policy of the statute seems to be to make it the duty of the railway company to institute the proceedings, for when it does so no costs are allowed to the land-owner. *Wis. Cent. R. Co. v. Kneale,* 79 Wis. 95. But if the railway company omits to do so, and thus drives the land-owner to institute and prosecute the condemnation proceedings, it seems to be the intention of the statute to give him full indemnity for his necessary expenditures in that behalf. This operates, and was doubtless intended to operate, as a penalty for its neglect of a duty it owed the land-owner.

We are also of the opinion that the circuit court properly

Taylor vs. The Chicago, Milwaukee & St. Paul R. Co.

excluded expenses arising after the appeals had been taken from the award of the commissioners.    When such appeals were taken, that which before that time was a mere special proceeding became an action in which the prevailing party was entitled to costs under the statute.    R. S. secs. 1849, 1850.

The circuit court had but little testimony before it of the value of the attorney's services.    The plaintiff only testified that he was advised and believed they were reasonably worth $3,000, but he does not say who advised him, nor give his means of knowledge of their value.    The railway company furnished no evidence on the subject.    The circuit judge was called upon to fix the amount of such services on that testimony, supplemented by his own knowledge of the character and extent of such services; for most of them were rendered before him.    By submitting the question on such unsatisfactory proofs the parties compelled the judge to use his own knowledge, thus acquired, in order to give intelligent judgment.    This he might properly do. *Halaska v. Cotzhausen*, 52 Wis. 624.    Under the circumstances, we do not think either party is in a condition to complain of the sum awarded.

As to the other disbursements, there is sufficient in the affidavit of the plaintiff to justify their allowance by the court.

*By the Court.*— The order is affirmed on both appeals.