MICHAEL F. HACZELA *vs.* THOMAS KRUPA & others.

Bristol.   October 26, 1914. — November 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Bond*, Of indemnity. *Mortgage*, Of real estate. *Attorney at Law*. *Words*, "Expenses."

In an action upon a bond of indemnity given by the plaintiff in a suit in equity to the defendant in that suit, which was brought to enjoin the foreclosure of a mortgage of real estate, the bond having been required before the issuing of a temporary injunction restraining the foreclosure and its condition being that the plaintiff should save the holder of the mortgage harmless "from any

loss or damage to his security under said mortgage if the same shall be declared valid under said bill" in equity, "to which he may be subjected by reason of said injunction," where it appeared that the mortgage provided that the mortgagee should "be entitled to retain all sums then secured by this mortgage . . . including all costs, charges and expenses incurred or sustained by him . . . in relation to the said property," and the mortgage was declared valid in the suit in equity, the holder of the mortgage can recover such amounts as he expended for attorney's fees in defense of the suit in equity and the costs incurred by him therein.

CONTRACT upon a bond of indemnity, described in the opinion. Writ dated October 16, 1913.

The case was referred to Charles L. Baker, Esquire, as auditor, and afterwards was tried before *McLaughlin,* J. Material portions of the evidence are described in the opinion. At the close of the charge, the defendants excepted to so much of the charge as allowed the jury to take into consideration the expense and costs which the plaintiff reasonably and properly incurred and paid in resisting the legal proceedings in the equity suit in which the bond was given, after the injunction was issued, as an element in determining the damage to the plaintiff in this action. The jury returned a verdict for the plaintiff in the sum of $953.75 as the amount for which execution should issue; and the defendants alleged exceptions.

The case was submitted on briefs.

*F. A. Pease, T. F. Higgins & D. J. McNerney,* for the defendants.

*A. S. Phillips & L. Shabshelowitz,* for the plaintiff.

RUGG, C. J. The defendant Krupa gave to the plaintiff a chattel mortgage. Then Krupa brought a suit in equity to restrain the plaintiff from foreclosing the mortgage, on the ground that it was invalid. Upon a hearing for the issuing of an injunction in that suit, it was ordered that an injunction might issue, provided a bond should be given to the plaintiff. The bond was given and the injunction issued. The condition of the bond was that Krupa should indemnify the plaintiff "from any loss or damage to his security under said mortgage if the same be declared valid under said bill" in equity, "to which he may be subjected by reason of said injunction." The mortgage was held to be valid. The present case, which is an action on the bond, was referred to an auditor, who found that there was a very material decrease

in the value of the chattels covered by the mortgage after the bond was given. The defendants introduced no evidence.

The only issue is whether the plaintiff is entitled to recover the attorneys' fees and taxable costs of suit incurred in defense of the equity suit to set aside the mortgage. The decision depends on the true construction of a covenant in the mortgage to the effect that, in case of a sale under the power in the mortgage, the mortgagee "shall be entitled to retain all sums then secured by this mortgage . . . including all costs, charges and expenses incurred or sustained by him . . . in relation to the said property." Whatever rightly may be included under "expenses" in this connection is a part of the debt secured by the mortgage.

Expense is a word of somewhat varying significance. But, when used in mortgages, it has been held to be broad enough to include reasonable counsel fees. *Varnum* v. *Meserve,* 8 Allen, 158. *Bangs* v. *Fallon,* 179 Mass. 77. It has been given a similar meaning in other connections, *Burrage* v. *County of Bristol,* 210 Mass. 299, although this is not its universal significance. See *Sears* v. *Nahant,* 215 Mass. 234, where many cases are reviewed. No reason appears in this instance for departing from the meaning heretofore ascribed to the word in mortgages by our cases. The attorneys' fees and costs of the plaintiff in the defense of the equity suit were "expenses . . . sustained . . . in relation to" the property covered by the mortgage. In order that he may be made whole, he must recover them in this action.

*Exceptions overruled.*