[No. 18848.   Department One.   January 9, 1925.]

THE STATE OF WASHINGTON, *on the Relation of L. G. Colyn et al., Petitioners,* v. THE SUPERIOR COURT FOR LEWIS COUNTY, *Respondent.*[1]

EMINENT DOMAIN (45)—PRIVATE WAY OF NECESSITY. A private way of necessity is subject to condemnation for a joint use under reasonable terms and conditions for its maintenance.

SAME (41)—EXTENT OF APPROPRIATION—LIMITED USE. A city in condemning a right of way for a power line, need not condemn the entire fee, but may have an easement reasonably satisfying its needs.

Certiorari to review a judgment of the superior court for Lewis county, Hewen, J., entered August 1, 1924, denying an order of necessity in condemnation proceedings, after a hearing to the court.   Reversed.

*Forney & Ponder,* for relator.

*Gus L. Thacker,* for respondent.

PEMBERTON, J.—Petitioners instituted this action for the condemnation of a private way of necessity. Upon a preliminary hearing, the trial court refused to enter an order of necessity, and upon the return to a writ of certiorari, the decision of the trial court is here for review.

[1]Reported in 232 Pac. 282.

The private way of necessity desired is a small strip of land across a portion of a forty-acre tract, and is now used by respondents as a private road leading from the main traveled county road and giving access to the lands of petitioners and respondents. This road is fenced and graded and crosses a river over a bridge. The trial court stated in his opinion in part as follows:

"I am of the opinion, however, that without an act of the legislature a private way of necessity cannot be condemned over an existing private way devoted to the same purpose and a partnership forced upon defendants in this matter."

The objection is made by respondents that the proportion of the maintenance and improvement of the roadway to be borne by petitioners is not determined. The trial court should determine all the conditions and terms of maintenance and improvement required of both petitioners and respondents.

The use of a private way of necessity differs from a public road only in the extent of the use. The right over a public road is in the nature of an easement and is enjoyed by all. The right over a private way of necessity is restricted, but there is no reason why it should not be subject to the right to condemn a joint use under reasonable terms and conditions for the maintenance and improvement of the road. We have heretofore held that, since the statute does not in express terms specify the nature and extent of the rights that may be condemned, it is not necessary for a city in securing a right of way for an electric power line to condemn the entire fee, but may condemn an easement which reasonably satisfies its needs. *Seattle v. Faussett*, 123 Wash. 613, 212 Pac. 1085.

The use of this road for a private way of necessity does not differ from the use it is already put to by

respondents, and it will in nowise destroy or impair the use of the road by respondents.

The decision of the trial court is reversed, and the case remanded with directions to proceed as herein indicated.

TOLMAN and PARKER, JJ., concur.

MAIN, C. J., and BRIDGES, J., concur in the result.