NORTH AMERICA REALTY COMPANY, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*March 11—April 6, 1926.*

*Eminent domain: Costs: Taxable items: Fees of experts and appraisers: Of attorneys.*

The allowance and taxation of statutory costs in a condemnation proceeding are, in contemplation of law, full compensation, within sec. 13, art. I, Const., although they usually fall short of actual costs of the litigant; and an order denying the taxation of fees of expert witnesses, charges of appraisers, and attorney fees is affirmed.

APPEAL from an order and a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

Condemnation proceedings. The jury assessed the value of the premises condemned at $30,000, and plaintiff was allowed costs under sec. 2931, Stats., not exceeding $25, exclusive of disbursements, taxed in the sum of $210 costs and disbursements. Plaintiff sought to tax $833 for nine expert witnesses ranging from $50 to $178 each; $225 fees of one appraisal company; $592 fees of another appraisal company, and $2,233 attorneys' fees. From an order and a judgment denying the taxation of such items it appealed.

For the appellant the cause was submitted on the brief of *Hoyt, Bender, McIntyre & Hoyt,* attorneys, and *Clarence G. Ehrle,* of counsel, all of Milwaukee.

For the respondent there was a brief by *John M. Niven,* city attorney, and *Mark A. Kline,* first assistant city attorney, and oral argument by *Mr. Kline.*

VINJE, C. J. Plaintiff bases his right to recover the items of expense set out in the statement of facts upon the constitutional provision that "property of no person shall be taken for public use without just compensation therefor." Art. I, sec. 13, Const.

The argument runs that since expenses have to be incurred in condemnation proceedings such expenses must be recovered in addition to the award in order that "just compensation" for the land may be had. Practically that is true. But it is equally true in nearly every other lawsuit. The prevailing party does not recoup his total expenses. He can tax only statutory costs, and they usually fall short of the actual costs of the litigant. In contemplation of law, however, statutory costs are full compensation, and when those are taxed in favor of the prevailing party he is presumed to be made whole.

Plaintiff relies strongly upon the case of *Stolze v. M. & L. W. R. Co.* 113 Wis. 44, 88 N. W. 919. In that case plaintiff's land was condemned for railway purposes and a

judgment with costs was entered. The railway company went into the hands of a receiver and plaintiff attempted to collect his judgment against the bankrupt company but failed. Judgment in his favor with costs was entered. Then the defendant succeeded to the rights of the bankrupt company, and plaintiff brought an equitable action to restrain it from using the land for railway purposes till the award, with costs, interest, and the costs incurred in trying to collect the judgment, were paid; and the court held plaintiff was entitled to the relief asked. The costs involved in the *Stolze Case* were the taxable costs in the condemnation proceeding, the taxable costs in the action to collect the judgment, and the taxable costs of the equitable action to restrain the defendant from using the land till payment was made as prayed for. In that case only *taxable costs* were involved. The court said:

"It cannot have been the purpose of the framers of the constitution that a person compelled to surrender his property for public uses shall have any less as compensation therefor than a full equivalent, measured by all reasonable rules. That must include all necessary expenses incurred by him in the enforcement of his rights, *which are taxable according to law*. He must have in the end a full, just compensation for his property. It must not be diminished by any costs reasonably incurred in condemnation proceedings, or in collecting the award, which are ordinarily taxable by the rules of law in favor of the prevailing party in an action or proceeding to make his judicial remedy effective. That is the true constitutional measure of his rights."

It is plain from the facts in the case and from the language of the opinion that the court had in mind only costs taxable under the statute. There was in that case no question as to the items of costs to be taxed. Costs had been taxed in each proceeding according to statute and those were the only costs in dispute. Here it is a question of items of costs properly taxable, and clearly the *Stolze Case* is not

authority for the inclusion of the items here in dispute as proper items of costs. Plaintiff also cites 2 Nichols, Eminent Domain (2d ed.) p. 951, and note; 2 Lewis, Eminent Domain (2d ed.) § 559; 20 Corp. Jur. 1133 *et seq.;* and 10 Ruling Case Law, 193; but an examination will disclose that as far as views are based upon adjudicated cases they refer to statutory costs, and do not hold that all items of expense can be taxed.

In the present case plaintiff was allowed his statutory costs, and that together with the award measured his true constitutional rights as stated in the *Stolze Case.*

*By the Court.*—Order and judgment affirmed.