[No. 20452. Department Two.   May 12, 1927.]

THE STATE OF WASHINGTON, *on the Relation of White Pine Sash Company, Plaintiff,* v. THE SUPERIOR COURT FOR FERRY COUNTY *et al., Respondents.*[1]

[1] EMINENT DOMAIN (15)—DELEGATION OF POWER—PRIVATE WAY FOR LOGGING ROADS. Rem. Comp. Stat., §§ 6747-6749, authorizing the condemnation of a right of way for a logging road is not violative of the Fourteenth Amendment to the Federal constitution or § 16, of Art. 1, of the state constitution.

[2] SAME (39, 40). A finding of public necessity for the condemnation of a right of way for a logging road is sustained, where it appears that the relator has purchased very extensive timber tracts from the United States which it was required to remove at the rate of 30,000,000 feet annually, and has acquired most of its right of way for thirty miles to the nearest feasible connection with a trans-continental railway line.

Certiorari to review an order of the superior court for Ferry county, Neal, J., entered January 6, 1927, declaring a public use and necessity in eminent domain proceedings for a logging right of way. Affirmed.

[1]Reported in 255 Pac. 1025.

*Alex M. Winston,* for relator.

*Davis, Heil & Davis,* for respondents.

PARKER, J.—This is a certiorari proceeding in this court wherein the relator, White Pine Sash Company, seeks review and reversal of a judgment of the superior court for Ferry county adjudicating in favor of the Hedlund Lumber & Manufacturing Company the necessity for, and its eminent domain right to acquire by condemnation, a right of way for its proposed logging railroad over land of the relator as a private way of necessity to enable it to remove to market a large amount of timber from lands belonging to the United States, which timber it has purchased from the United States. The condemnation proceeding was prosecuted and the judgment in question rendered under ch. 133, Laws of 1913, being §§ 6747 *et seq.,* of Remington's Compiled Statutes.

The Hedlund Lumber & Manufacturing Company is a large concern maintaining its plant at Spokane. It has purchased from the United States approximately 337,000,000 feet of standing merchantable timber, covering approximately 121,000 acres of government land in Ferry county, known as the Twin Lakes unit, and has also purchased from the United States approximately 67,000,000 feet of standing merchantable timber, covering approximately 8,300 acres of government land in Ferry county, known as the Sherman Creek unit. By its purchase contracts with the United States, it is required to remove the timber from these units at the rate of 30,000,000 feet per annum. The Twin Lakes unit lies on the west side of the Columbia river, bordering thereon, being some twenty miles southerly from Hedlund Spur, a station on the Great Northern Railway. The Sherman Creek unit lies some four miles

west of the Columbia river and some ten miles south-
westerly from Hedlund Spur. The Great Northern
Railway crosses the Columbia river from the east to the
west side about one mile south of Hedlund Spur. There
is no railroad on the west side of the Columbia river
south of that crossing, nor any railway shipping point
on the west side of the Columbia river nearer to either
of the units in question than Hedlund Spur, though
there are some nearer shipping points upon the Great
Northern Railway east of the Columbia river. The
Hedlund Lumber & Manufacturing Company has con-
structed its proposed logging railroad, from a connec-
tion with the Great Northern Railway at Hedlund Spur
southerly towards its timber units, for a distance of
some two miles, and has acquired most of the right of
way for the remainder thereof to each of its timber
units. The condemnation here in question has to do
with the acquiring of less than two miles of right of
way over the lands of the relator.

[1] Apparently, the principal contention made in
behalf of the relator seems to be that ch. 133, Laws of
1913, p. 412, is unconstitutional, in that to give it effect
according to its terms will result in taking private prop-
erty for a private use and thus deprive relator of its
property, in violation of the due process of law guar-
anty and the eminent domain restrictions of §§ 3 and
16, of Art. 1 of our state constitution; and also in viola-
tion of the guaranties of § 1 of the Fourteenth Amend-
ment to the constitution of the United States. Our
decisions in *State ex rel. Mountain Timber Co. v. Su-
perior Court,* 77 Wash. 585, 137 Pac. 994, *State ex rel.
Grays Harbor Logging Co. v. Superior Court,* 82 Wash.
503, 144 Pac. 722, and *State ex rel. Eastern R. & L. Co.
v. Superior Court,* 127 Wash. 30, 219 Pac. 857, are de-
cisive against this contention, wherein we upheld the

constitutionality of ch. 133, Laws of 1913, as not violative of any rights guaranteed by the state or federal constitution.

[2]   It is further contended that, in any event, upon the trial of the condemnation proceeding in the superior court for the determination of the question of necessity, the evidence does not sustain the judgment. A reading of the evidence seems to us so decisive in support of the judgment as not to call for our here analyzing it with a view of demonstrating the correctness of the judgment. That has been well done by the trial judge in his memorandum opinion leading to his conclusion, with which we agree, that there has been shown a reasonable necessity for the Hedlund Lumber & Manufacturing Company acquiring the right of way in question.

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, FRENCH, and MITCHELL, JJ., concur.