[No. 20998.  Department Two.  August 30, 1928.]

THE STATE OF WASHINGTON *on the Relation of Sherman Creek Land & Irrigation Company, Plaintiff,* v. THE SUPERIOR COURT FOR FERRY COUNTY *et al., Respondents.*[1]

[1] EMINENT DOMAIN (15)—DELEGATION OF POWER—PRIVATE WAY FOR LOGGING ROADS. Rem. Comp. Stat., §§ 6747-6749, authorizing the condemnation of a right of way for a logging road is not violative of the Fourteenth Amendment to the Federal constitution or § 16, of Art. 1, of the state constitution.

[2] EMINENT DOMAIN (15)—PUBLIC USE—PRIVATE WAYS AND LOGGING ROADS—EVIDENCE—SUFFICIENCY. A condemnation of a private way of necessity for a logging road to convey a company's timber products to its mill is sustained where other means were not adequate, practical, safe, expeditious, or reasonable in cost.

Certiorari to review a judgment of the superior court for Ferry county, Neal, J., entered October 27, 1927, decreeing a public use for a private way of ne-

[1]Reported in 270 Pac. 104.

cessity, in condemnation proceedings for a logging road, after a trial to the court.   Affirmed.

*Alex M. Winston,* for relator.

*Davis, Heil & Davis,* for respondents.

BEALS, J.—Relator, Sherman Creek Land & Irrigation Company, a corporation, in this proceeding seeks to review a decree of private necessity and judgment of appropriation, entered by the superior court for Ferry county, upon petition of Hedlund Lumber & Manufacturing Company, a corporation; the petitioner invoking the power of eminent domain in seeking to condemn what it alleges to be a private way of necessity across the lands of relator.

The condemnation proceeding was instituted pursuant to ch. 133, Laws of 1913, p. 412, being § 6747 *et seq.,* of Remington's Compiled Statutes; and after a lengthy hearing, resulted in a judgment in favor of the petitioner, adjudging that an occasion exists for the condemnation of a private way of necessity across relator's land for the purpose of constructing a logging railroad, appropriating land for the right of way, and directing that a jury be impanelled to determine the compensation to be paid to relator. A writ of review having been granted by this court, upon relator's application, the record is now before us and the question of the legality of the judgment of the trial court is presented for determination.

[1] In the first place relator contends that ch. 133, Laws of 1913, p. 412, providing for the condemnation of private ways of necessity, is unconstitutional, being in violation of §§ 3 and 16 of Art. I of the constitution of the state of Washington, and also of § 1 of the Fourteenth Amendment to the constitution of the United States. This precise question was submitted to this court in the case of *State ex rel. White Pine Sash Co.*

*v. Superior Court,* 143 Wash. 687, 255 Pac. 1025, involving the condemnation by this respondent of another tract of land as part of a comprehensive plan for the construction of its logging railroad, and the constitutionality of the act was upheld. On the authority of that case and the cases upon which the decision was based, we hold that relator's contention that the act pursuant to which the decree of necessity was entered is unconstitutional, is not well taken.

[2] In the next place, relator contends that the trial court unreasonably construed the act of 1913 in favor of the petitioner in the lower court, respondent here, and that the judgment of the court does not come fairly within the terms of the act, in that the evidence did not warrant the entry of a decree in favor of the respondent, awarding it, by condemnation, a private way of necessity across relator's land. In other words, relator complains that the trial court held that the evidence showed that respondent was entitled to take, by condemnation, the property of relator for a private way of *necessity,* when a proper construction of the evidence showed that respondent was endeavoring to abuse the power of eminent domain by misusing it to gain for itself what, in fact, is no more than a private way of *convenience.*

Respondent owns a large lumber mill at Spokane and desires to construct a logging railroad to aid in transporting to its mill certain timber in Ferry county which it has purchased from the United States. Relator earnestly contends that no sufficient necessity for the condemnation of the right of way sought by respondent has been shown, and that respondent can, with equal or greater facility, transport its logs from the different units of timber which it has purchased to its plant by means other than a logging railroad across relator's property. A careful study of the alterna-

tives suggested by relator for the transportation of respondent's timber fails to convince us that they offer adequate or practical methods, either sufficiently safe, expeditious or reasonable in cost of operation, for the carrying of respondent's logs to its mill.

We agree with the trial court that the evidence justified the entry of a decree of private necessity and judgment of appropriation and the judgment as entered is affirmed.

FULLERTON, C. J., MAIN, HOLCOMB, and ASKREN, JJ., concur.