In the Matter of DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant, against ALBERT C. FENGLER et al., Defendants, and JOSEPH V. O'LEARY, as Comptroller of the State of New York, et al., Respondents.

Argued March 18, 1942; decided April 23, 1942.

*Basil B. Aylesworth* for appellant. The procedure for payment of " expenses of acquisition " of necessary lands by condemnation, as provided in the Elimination Act (L. 1928, ch. 825) and as established and followed by the State executive departments and the Syracuse Grade Crossing Commission, includes the allowance of such expenses by the court on application for final order in the same condemnation proceeding. (*Matter of State of New York*, 207 N. Y. 582; *Matter of Canal & Walker Streets*, 12 N. Y. 406; *Bangs* v. *Duckinfield*, 18 N. Y. 592; *Matter of Cooper*, 22 N. Y. 67; *Bartlett* v. *Spicer*, 75 N. Y. 528.) Section 4 of chapter 289 of the Laws of 1939 was not intended to transfer to the Public Service Commission the jurisdiction of the courts and the Syracuse commission to allow and approve expenses of acquisition of lands in Syracuse by condemnation proceedings under and pursuant to the 1928 Act. The procedure for payment of expenses of acquisition by condemnation under the jurisdiction of the courts, as provided in the 1928 Act, was not abrogated or repealed by section 4 of the 1939 statute but was continued in full force and effect by sections 2 and 6 thereof. (*Matter of Kolb* v. *Holling*, 285 N. Y. 104; *Matter of State of New York*, 207 N. Y. 582; *Matter of City of New York*

[*East River Park*], 224 N. Y. 697; *Matter of Board of Transportation of New York*, 272 N. Y. 52; *Smith* v. *People*, 47 N. Y. 330; *O'Gorman* v. *Mayor*, 67 N. Y. 486; *Carroll* v. *McArdle*, 216 N. Y. 232.) Reasonable fees of attorneys specially employed by the railroad company to conduct condemnation proceedings required by the Elimination Act to be brought and conducted by the railroad company are a necessary part of the expense of such acquisition of lands, which the statute provides shall be deemed a part of the cost of elimination payable out of the elimination fund. (*Triple Cities Constr. Corp.* v. *Byers Machine Co.*, 172 Misc. Rep. 519; 259 App. Div. 451; *Matter of Turrell*, 63 Misc. Rep. 502; *Matter of Commissioners of Palisades Park*, 83 Misc. Rep. 186; 164 App. Div. 957; *People ex rel. Mosbacher* v. *Graves*, 254 App. Div. 438; 279 N. Y. 793; *Kornhauser* v. *United States*, 276 U. S. 145; *Chicago Dock & Canal Co.* v. *Commissioner*, 84 Fed. Rep. [2d] 288; *Foss* v. *Commissioner of Internal Revenue*, 75 Fed. Rep. [2d] 326.)

*James C. Tormey, Corporation Counsel* (*Arthur M. Beach* and *John H. Walrath* of counsel), for Syracuse Grade Crossing Commission, respondent. Neither appellant nor its attorneys were entitled to an allowance for legal services for conducting the condemnation proceeding, in the absence of specific statutory authority therefor. (*Matter of School Street*, 162 App. Div. 158; *Matter of City of Brooklyn*, 148 N. Y. 107; *Matter of Low*, 208 N. Y. 25; *Matter of State of New York* [*Toll Bridge*], 152 App. Div. 633; 207 N. Y. 582; *Matter of Board of Water Supply*, 158 App. Div. 116; 209 N. Y. 572; *Matter of Rapid Transit R. R. Commrs.*, 197 N. Y. 81; *Matter of Grade Crossing Commrs.*, 20 App. Div. 271; *Matter of People of State of New York*, 70 Misc. Rep. 72; *Schneider* v. *Schneider*, 36 Col. 518; *North Carolina R. R. Co.* v. *Goodwin*, 110 N. C. 175.) No statutory authority exists for allowance of the legal fees to appellant or its attorneys. (*Matter of Kolb* v. *Holling*, 285 N. Y. 104; *Matter of Comrs. of Palisades Interstate Park*, 166 App. Div. 443; 216 N. Y. 104; *County of Erie* v. *Friedenberg*, 221 N. Y. 389; *Matter of Board of Water Supply*, 158 App. Div. 116; 209 N. Y. 572; *Matter of School Street*, 162 App. Div. 158; *Matter of City of Brooklyn*, 148 N. Y. 107; *Matter of Low*, 208 N. Y. 25; *Matter of N. Y. C. R. R. Co.* v. *Ferris*, 255 App. Div. 112; 280

N. Y. 658; *Matter of Town of Cheektowaga Grade Crossing*, 259 App. Div. 141; 283 N. Y. 687.) Appellant acquired no rights to an allowance of the legal fees under chapter 289 of the Laws of 1939. (*Matter of Kolb* v. *Holling*, 285 N. Y. 104; *Matter of Town of Cheektowaga Grade Crossings*, 259 App. Div. 141; 283 N. Y. 687.)

*John J. Bennett, Jr., Attorney-General* (*Irving H. Lessen* of counsel), for Joseph V. O'Leary, as Comptroller of the State of New York, *et al.*, respondents. Legal services rendered to a party obligated to pay a portion of the cost of grade crossing eliminations have never been allowed as a part of the total cost of such project. (*Matter of Syracuse Grade Crossing Commission*, 264 N. Y. Supp. 1023; 253 App. Div. 462.)

*Per Curiam.* Nothing in the statute authorizes the Supreme Court to determine in the condemnation proceedings as part of "the judgment or award" that reasonable compensation to attorneys is an "expense" of acquisition of land within the meaning of subdivision 1 of section 8 of the Syracuse Grade Crossing Act (L. 1928, ch. 825) or to direct payment of such expense out of state moneys. Even assuming that such compensation might in proper case be regarded as "expense" within the meaning of the statute, the plaintiff is not entitled to reimbursement from state moneys for such expense except "on vouchers approved by the Syracuse Commission, after audit by and on the warrant of the comptroller," as provided in subdivision 1 of section 7 of the Syracuse act. Chapter 289 of the Laws of 1939 has not changed that provision.

The order should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Order affirmed.