TOMTEN, Respondent, *v.* THOMAS, et ux., Appellants.
No. 9022.
Submitted April 11, 1951. Decided June 12, 1951.
232 Pac. (2d) 723.

Mr. W. B. Leavitt, Miles City, for appellants. Messrs. Farr & Colgrove, Miles City for respondent.

Mr. Leavitt and Mr. George W. Farr argued orally.

MR. CHIEF JUSTICE ADAIR:

This was a condemnation proceeding by M. E. Tomten, plaintiff, to acquire a private way of necessity over land belonging to Mr. and Mrs. Henry Thomas, defendants. The jury's verdict was for plaintiff. It found the necessity of the road and assessed $250 as the amount of all damage to be sustained by the defendants by the opening thereof.

Defendants filed a memorandum of their costs and disbursements within the time prescribed by R. C. M. 1947, section 93-8619. The cost bill included an item of $750 for attorneys' fees for defendants' counsel. This item was disallowed on plaintiff's motion to retax.

From the decree adjudging to plaintiff the right to acquire the three described narrow strips of land, for a private way of necessity, upon the payment to defendants of the $250 damages found by the jury together with the sum of $168.08 as allowable and taxable costs and expenses incurred by defendants in the defense of the action, defendants have appealed.

The property involved is grazing and farm land. At, and for many years prior to, the time plaintiff acquired his lands there was an old road leading thereto from the main public highway. This road crossed a portion of adjacent lands thereafter acquired by defendants. In going to and from his holdings plaintiff must travel the road in question. There is no other practicable or feasible means of access to his lands.

In 1947 defendants closed the aforesaid road,—fenced plaintiff in and forbade his crossing of their lands. Plaintiff sought to reach an agreement with defendants but they would neither consent to the opening of the road nor to the crossing of their property. Without access thereto plaintiff's lands are worthless.

The Constitution of Montana provides that private property may be taken for private ways of necessity. Const. Art. III, sec. 15. Constitutional provisions of this character are not unusual. Compare: Cienega Cattle Co. v. Atkins, 59 Ariz. 287, 126 Pac. (2d) 481; Solana Land Co. v. Murphey, 69 Ariz. 117, 210 Pac. (2d) 593, 596; Maricopa County Municipal Water Conservation Dist. No. 1 v. Warford, 69 Ariz. 1, 206 Pac. (2d) 1168;

State ex rel. Polson Logging Co. v. Superior Court, 11 Wash. (2d) 545, 119 Pac. (2d) 694; State ex rel. Sherman Creek Land & Irrigation Co. v. Superior Court, 148 Wash. 680, 270 Pac. 104; State ex rel. White Pine Sash Co. v. Superior Court, 143 Wash. 687, 255 Pac. 1025; State ex rel. Colyn v. Superior Court, 132 Wash. 411, 232 Pac. 282; Meyer v. Colorado Central Coal Co., 39 Wyo. 355, 271 Pac. 212, 274 Pac. 1074.

Under this provision and the statutes enacted to implement same, an owner of land has the right to acquire a private way of necessity for ingress and egress when his land is so situated with respect to lands of others that it is physically inaccessible to a public highway. R. C. M. 1947, secs. 32-1401, 93-9902, subd. 6, 93-9904 and 93-9923. Compare State ex rel. Huntoon v. Superior Court, 145 Wash. 307, 260 Pac. 527, holding that such provisions are not violative of any rights guaranteed by the state or federal Constitution. See Komposh v. Powers, 75 Mont. 493, 244 Pac. 298.

Defendants urge that the right to condemn each of the three strips of land must be considered separately. However it appears that each strip is necessary to admit ingress and egress between plaintiff's land and the public highway and, having established his right to a way of necessity over defendants' lands, plaintiff was entitled to have access to all and not just an isolated part of his holdings. A right of way of necessity established under condemnation statutes such as are here involved "becomes an open public way which may be traveled by any person who desires to use it. Lewis, Eminent Domain, Third Edition, Vol. 1, Sec. 260. Hence the term 'private way of necessity' is really a misnomer. Sherman v. Buick, 32 Cal. 241, 91 Am. Dec. 577." Solana Land Co. v. Murphey, supra [69 Ariz. 117, 210 Pac. (2d) 598]. Compare Komposh v. Powers, supra.

Defendants complain that at places the condemned strips are only thirty-three to forty feet in width while elsewhere they are sixty feet in width but it appears that such extra width is necessary at places where the terrain is rough, broken and

162

eroded necessitating extra grading and filling of the road to make it usable.

Defendants urge that it was error for the trial court to give ▇ its instruction No. 6 and to reject defendants' offered instruction No. 1. The instruction given is substantially in the language of sections 93-9902 and 93-9905 of the Codes and correctly advises the jury that before they could find for plaintiff they must first determine the necessity of taking all three of the described strips of land. The rejected instruction was to the effect that should plaintiff fail to prove that any of the strips was not necessary or practical for the proposed road, then the jury should find for defendants. The instruction given adequately covered the point of law stated and defendants' proposed instruction was properly rejected.

The last item listed in defendants' memorandum of costs and disbursements reads: ''Expenses incurred and for which the defendants are liable for attorney fees for services rendered by W. B. Leavitt, Attorney at Law, Miles City, Montana, in connection with the preparation of the defense and defending said action upon the trial thereof and all legal services rendered in connection with said action—$750.00.''

Defendants complain of the disallowance of the claimed attorney's fee and the striking of such item from their bill of costs.

''Under the rule which has always prevailed in this jurisdiction, no costs can be allowed either party, except such as are provided for by statute. Under this rule, we must look to the statute in order to determine whether the items in question are chargeable.'' Montana Ore Purchasing Co. v. Boston, etc., Min. Co., 27 Mont. 288, 323, 70 Pac. 1114, 1126.

''It is only where provided for specially be statute, or by ▇ agreement of the parties, that attorneys' fees may be considered at all as an item of recovery incident to litigation.'' In re Mickich's Estate, 114 Mont. 258, 280, 136 Pac. (2d) 223, 232.

Section 15 of Article III of the Constitution, so far as material, reads: ''Private roads may be opened in the manner to

be prescribed by law, but in every case the necessity of the road, and the amount of all damage to be sustained by the opening thereof, shall be first determined by a jury, and such amount, together with the expenses of the proceeding, shall be paid by the person to be benefited."

R. C. M. 1947, section 32-1401, provides: "Private roads may be established in the manner provided in sections 93-9901 to 93-9926. But in every case the necessity of the road and the amount of all damage to be sustained by the opening thereof must be first determined by a jury, and such amount together with the expenses of the proceeding, must be paid by the person to be benefited."

R. C. M. 1947, sections 93-9902, subd. 6 and 93-9904, authorize the taking of private property for rights of way for private roads of necessity leading from highways to residences or farms.

R. C. M. 1947, section 93-9923, provides: "Private roads may be opened in the manner prescribed by this chapter, but in every case the necessity of the road, and the amount of all damage to be sustained by the opening thereof, shall be first determined by a jury, and such amount, together with the expenses of the proceeding, shall be paid by the person to be benefited."

R. C. M. 1947, section 93-9922, provides: "Except as otherwise provided in this chapter, the provisions of sections 93-2301 to 93-8717 are applicable to and constitute the rules of practice in the proceedings mentioned in this chapter."

Thus section 93-9922 expressly adopts sections 93-8601 and 93-8618 as applicable to eminent domain proceedings and this court so held in Kendrick v. Powell, 119 Mont. 622, at page 625, 178 Pac. (2d) 859, at page 860.

It is provided by R. C. M. 1947, section 93-8601 that the measure and mode of compensation of attorneys and counsellors-at-law is left to agreement, express or implied, of the parties except in certain specifically enumerated proceedings. Condemnation proceedings are not included in the exception. However section 93-8601 concludes: "But parties to actions or

proceedings are entitled to costs and disbursements as hereinafter provided.''

To what costs and disbursements are parties to actions or proceedings entitled under the provisions of Chapter 86 of the Code of Civil Procedure being sections 93-8601 to 93-8631 inclusive?

R. C. M. 1947, section 93-8618, reads: ''What are costs and disbursements. A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements, as follows: The legal fees of witnesses, including mileage, or referees and other officers; the *expenses* of taking depositions; the legal fees for publication when publication is directed; the legal fees paid for filing and recording papers and certified copies thereof necessarily used in the action or on the trial; the legal fees paid stenographers for per diem or for copies; the *reasonable expenses* of printing papers for a hearing when required by a rule of court; the *reasonable expenses* of making transcript for the supreme court; the *reasonable expenses* for making a map or maps if required, and necessary to be used on trial or hearing; and such other *reasonable and necessary expenses* as are taxable according to the course and practice of the court, or by express provision of law.'' (Emphasis supplied.)

Under the express provisions of the foregoing statute 93-8618, ▇▇ only the first ten items included in defendants' bill of costs are allowable as taxable costs and the court properly disallowed the item of $750 attorney's fee.

To make the item of attorney's fees allowable as a taxable cost under section 93-8618 it must first be shown that such item is either ''taxable according to the course and practice of the court, or by express provision of law.'' No such showing was made. None can be made. The item is a contract obligation of the losing defendants for which the prevailing plaintiff is not liable.

The person to be benefited by the opening of the road is the prevailing plaintiff who is required to pay the amount of dam-

age determined by the jury "together with the expenses of the proceeding". Sec. 93-9923.

The term "expenses" as employed in sections 32-1401 and ▮ 93-9923, supra, is synonymous with the term "costs."

In Chapin v. Collard, 29 Wash. (2d) 788, 189 Pac. (2d) 642, 646, the court said:

"We have repeatedly held that 'costs' do not include attorneys' fees (other than statutory) or accountants' fees. In Fiorito v. Goerig, [27] Wash. [(2d) 615,] 179 Pac. (2d) 316, 318, we said:

" 'The term "costs" is synonymous with the term "expense." ▮ Costs are allowances to a party for the expense incurred in prosecuting or defending a suit, and the word "costs" in the absence of statute or agreement does not include counsel fees; in other words, counsel fees are not costs or recoverable expenses incurred in prosecuting or defending a suit, either in suits in equity or actions at law.' "

In Wormely v. Mason City, etc., Ry. Co., 120 Iowa 684, 95 N. W. 203, a condemnation proceeding, it is said: "As a general rule, attorney's fees are not awarded either as damages or as a part of the costs of a proceeding in court. In exceptional cases they have been awarded as damages, but such cases are wholly exceptional, and have no application to the question now before us. When taxed as costs, it is by reason of some special statutory provision. In order that they may be so taxed, the case must come clearly within the terms of the statute." Compare: Jones v. School Board of Liberty Tp., 140 Iowa 179, 118 N. W. 265.

In City of Waterbury v. Macken, 100 Conn. 407, 124 A. 5, 7, the court said: "In the assessment of just damages in a condemnation proceeding, the legal costs and expenses which may have been incurred by a defendant cannot be adjudged as part of his just compensation. These may be allowed him by statute as taxable costs; but if so, they are given him by force of the statute, and not as part of his just compensation." See also

Welton v. Iowa State Highway Commission, 211 Iowa 625, 233 N. W. 876, 884.

In Nichol v. Neighbour, 202 Iowa 406, 210 N. W. 281, the court held that attorney fees incurred in a condemnation proceeding are neither taxable as costs nor a necessary element of just compensation.

In Petition of Reeder, 110 Or. 484, 222 Pac. 724, 727, a condemnation proceeding, the court said: ''Conceding it to be true, as urged by counsel for the appellants, that his clients were compelled to come into court and assert their rights in order to prevent their property from being taken from them without just compensation, nevertheless they cannot recover attorneys' fees in the absence of a provision of law authorizing such recovery.''

In North American Realty Co. v.. City of Milwaukee, 189 Wis. 585, 208 N. W. 489, the court held that attorney fees were not recoverable as expenses in a condemnation proceeding saying: ''The argument runs that, since expenses have to be incurred in condemnation proceedings, such expenses must be recovered in addition to the award in order that 'just compensation' for the land may be had. Practically, that is true. But it is equally true in nearly every other lawsuit. The prevailing party does not recoup his total expenses. He can tax only statutory costs, and they usually fall short of the actual costs of the litigant. In contemplation of law, however, statutory costs are full compensation, and when those are taxed in favor of the prevailing party, he is presumed to be made whole.''

In McQuade v. Richland Water Co., 39 Pa. Co. Ct. R. 587, a condemnation proceeding, the court held that the word ''expenses'' employed in the statute may not be construed as including counsel fees observing that where the legislature has intended allowing counsel fees, it has been done in express language.

In Sears v. Inhabitants of Nahant, 215 Mass. 234, 102 N. E. 491, 494, Ann. Cas. 1914C, 1296, it was held that the phrase ''expenses and costs'' employed in a statute did not include

attorneys' fees and that had it been the intention of the legislature to allow such fees "it easily could have expressed that intent in clear and unmistakable language."

In Commonwealth to Use of Vacco v. New York, etc., R. R. Co., 36 Pa. Dist. & Co. 42, 21 Erie Co. 40, a condemnation proceeding, the court in construing a statute allowing the recovery of *"expenses incurred"* held "that attorney fees do not constitute part of the expenses in such case."

In Delaware, L. & W. R. Co. v. Fengler, 288 N. Y. 141, 42 N. E. (2d) 6, 7, it was held that the statute governing condemnation proceedings does not authorize the court to determine attorneys' fees as an "expense" of acquisition of the condemned realty.

"The term 'costs' or 'expenses' as used in a statute is not understood ordinarily to include attorneys' fees." 14 Am. Jur., Costs, sec. 63, p. 38, and cases cited in note 2.

In 30 C. J. S., Eminent Domain, sec. 386, pages 91, 92, it is said: *"Attorney's fees.* The compensation to which a landowner is entitled under a constitutional provision that property shall not be taken or damaged for public use without just compensation does not include attorneys' fees. Attorneys' fees cannot ordinarily be allowed as costs in the absence of an express provision to that effect; neither can they be allowed under a statute providing generally for an allowance of the costs of the proceeding, nor under a statute authorizing an allowance of costs and expenses to landowners, nor under a statute providing for the payment of costs, fees, and expenses of commissioners, clerks, and other persons performing certain described duties."

In Ball v. Vason, 56 Ga. 264, 267, it is said: "Let every man pay his own counsel. * * * The words, costs and expenses, were never meant by this court to apply to fees. A fair construction will not make them mean fees * * *"

All authorities agree that attorneys' fees are not taxable as part of the costs in an action unless specifically authorized by statute. In this state there is no provision of Constitution or

168

statute that makes the prevailing plaintiff in this action liable for the payment of the attorneys' fees owing by his opponents to their counsel. We find no merit whatever in the appeal and appellants will stand their own costs thereon.

The decree of the district court is affirmed.

MR. JUSTICES FREEBOURN and BOTTOMLY, concur.

MR. JUSTICE ANGSTMAN: (concurring in part and dissenting in part).

I agree that the judgment entered on the jury's verdict in favor of plaintiff for the condemnation of the land should be sustained.

I disagree with the foregoing opinion so far as it holds that defendants are not entitled to attorney's fees from plaintiff. I agree that "costs" can be recovered only when provided for by statute. Albrecht v. Albrecht, 83 Mont. 37, 269 Pac. 158, and cases therein cited. I agree likewise that attorney's fees are not a part of the taxable costs in the absence of a statute or agreement authorizing them. In re Mickich's Estate, 114 Mont. 258, 136 Pac. (2d) 223. Those are interesting observations but they do not affect the question before us.

My position is that both the Constitution, section 15 of Article III, and the statute, R. C. M. 1947, secs. 32-1401 and 93-9923, require the person to be benefited by the opening of the road to pay not only all damages found by the jury to have been sustained by the owner of the land taken by the condemnation proceedings, but also "the expenses of the proceeding". The word "proceeding" obviously means the condemnation proceeding. The only question before us is, are attorney's fees a part of the expenses of the proceeding.

We also have a statute awarding costs in the discretion of the court: R. C. M. 1947, sec. 93-9921.

It is apparent, therefore, that sections 93-9923 and 32-1401 covering expenses of the proceeding, have reference to something more than the taxable costs in the action.

It is clear from our Constitution and statutes that a person who has his property taken from him against his will should be indemnified for expenses incurred in resisting the condemnation proceedings or in the proceedings for ascertaining the compensation to be paid. Compare: City of Brooklyn v. Long Island Water-Supply Co., 148 N. Y. 107, 42 N. E. 413; Oneonta, etc., Co. v. Schwarzenbach, 164 App. Div. 548, 150 N. Y. S. 76.

Are attorneys' fees properly considered as "expenses of the proceeding"?

Actually attorneys' fees are an expense in such proceedings and quite often, if not always, the principal item of expense. The meaning of the word "expenses" depends upon the connection in which it is used, and the end to be attained by the statute in which it is used. Burrage v. Bristol County, 210 Mass. 299, 96 N. E. 719; and see, Pittsfield & N. A. R. Corp. v. Boston & A. R. Co., 260 Mass. 390, 157 N. E. 611.

"The determining factor is whether the Legislature may fairly be said to have anticipated that proceedings of a legal nature requiring the services of an attorney would be necessary." Triple Cities Const. Corp. v. Byers Machine Co., 172 Misc. 519, 15 N. Y. S. (2d) 89, 91, and cases there cited.

Here it is clear that when the Constitution and statutes refer to "expenses of the proceeding" they have a direct reference to proceedings in court to establish the necessity of the taking and the damages.

In Taylor v. Chicago, M. & St. P. Ry. Co., 83 Wis. 645, 53 N. W. 855, 856, a condemnation case, the statute involved entitled the landowner to the costs and expenses of prosecuting the condemnation proceedings. In holding that this included attorneys' fees the court said: "We are of the opinion, and so hold, that the provision of the statute which entitles the plaintiff to the cost and expense of prosecuting the condemnation proceedings when the company, by its neglect or omission, has compelled the plaintiff to institute the same, (Rev. St. sec. 1852), is not limited by what would be taxable costs in an action.

If such was the intention of the legislature, we think the term 'and expense' would have been omitted."

In the case of In re Mason, Mo. App., 203 S. W. (2d) 750, the question presented was whether attorney's fees were comprehended within the words "collection expense." The court answered in the affirmative and cited a number of cases supporting its conclusion, including the case of Wood v. Ferguson, 71 Mont. 540, 230 Pac. 592, 594, wherein this court held that "costs of collection" is synonymous with "attorney's fee."

"Expenses of recovery" include attorneys' fees. Martineau v. Waldman, 93 N. H. 386, 42 A. (2d) 735, 736. "Expenses of the suit" cover attorneys' fees. Glens Falls Indemnity Co. v. Dempsey, 68 Ga. App. 607, 23 S. E. (2d) 493, 495. "Expense or cost of making a defense" is sufficiently comprehensive to embrace attorneys' fees. Curtis & Gartside Co. v. Aetna Life Ins. Co., 58 Okl. 470, 160 Pac. 465, 467. A statute providing for "fees and expenses" in a will contest includes attorneys' fees. In re Nolan's Estate, 56 Ariz. 353, 108 Pac. (2d) 385, 388. A statute awarding "costs and expenses" to one who suffers loss or injury through contempt embraces attorneys' fees. Foreman v. Foreman, 111 Utah 72, 176 Pac. (2d) 144, 151; and Davidson v. Munsey, 29 Utah 181, 80 Pac. 743, 744. In the last cited case the court said: "It would seem that the Legislature, by making use of the word 'expenses,' and associating it with that of 'costs,' intended that something more than the usual or ordinary costs that are allowed to the prevailing party in civil actions generally might be allowed where the court proceeds under section 3368 * * *". "Attorney's fees" is comprehended in the words "damage" and "expense" by reason of and on account of suit as used in an indemnity bond. Employers' Indemnity Corp. v. Southwest Nat. Bank., Tex. Civ. App., 299 S. W. 676. Expenses in relation to property as used in a chattel mortgage covers attorneys' fees. Haczela v. Krupa, 219 Mass. 261, 106 N. E. 1004.

In Robertson v. Cooper, 4 Cir., 46 F. (2d) 766, 769, the court had before it the question of whether traveling expenses of an

attorney were comprehended in the meaning of a Federal Statute allowing "expenses of the proceeding" in a patent proceeding. The lower court held that the Federal Statute was simply treating of "costs." The court of appeals held otherwise, saying: "The judge below, seemingly upon the ground that the allowance of expenses might lead to serious abuses, refused to pay the expenses of the attorney to California, and held that the word 'expenses' in the statute practically meant 'costs.' We cannot concur in this conclusion. The evident intention of Congress in the use of the word 'expenses' was to include more than that which is ordinarily included in the word 'costs.'"

In Re Ehret's Estate, 158 Misc. 308, 285 N. Y. S. 570, it was held that the "expenses of action" as used in a statute means expenses to attorneys in connection with the prosecution of the action.

In Re J. A. Rudy & Sons, D. C., 30 F. Supp. 8, it was held that attorney's fees constitute an "expense of administration" as those terms are used in the Bankruptcy Statute. To the same effect are In re Coventry's Estate, 178 Misc. 620, 34 N. Y. S. (2d) 619; United States v. Security-First Nat. Bank of Los Angeles, D. C., 30 F. Supp. 113; and see: Lang v. Shell Petroleum Corp., 138 Tex. 399, 159 S. W. (2d) 478; Morton's Estate v. Ferguson, Tex. Civ. App., 45 S. W. (2d) 419; In re Thomasson's Estate, 350 Mo. 1157, 171 S. W. (2d) 553, 557, holding that attorneys' fees are an "expense of administration".

We have frequently held that attorneys' fees are included in the word "damages" in mandamus proceedings. State ex rel. Lynch v. Batani, 103 Mont. 353, 62 Pac. (2d) 565; State ex rel. Shea v. Cocking, 66 Mont. 169, 213 Pac. 594, 28 A. L. R. 772; State ex rel. Gebhardt v. City Council, 102 Mont. 27, 55 Pac. (2d) 671; State ex rel. Snidow v. State Board of Equalization, 93 Mont. 19, 17 Pac. (2d) 68, 18 Pac. (2d) 804.

The case of Kendrick v. Powell, 119 Mont. 622, 178 Pac. (2d) 859, wherein reference was made to section 93-9922, had to do with a case wherein plaintiff who sought to condemn the land was unsuccessful. In such a case we held that neither the Con-

stitution nor sections 32-1401 and 93-9923 have application. New York with an identical constitutional provision takes the same view. In re Nagy St., 99 Misc. 314, 164 N. Y. S. 537. In consequence in that case it was proper to refer to section 93-9922.

Here we are dealing with a case wherein plaintiff was successful and he is the one to be benefited by the opening of the road and to him both the Constitution and the statutes apply. While referring to the Kendrick case, it is well to note that the fear expressed in the specially concurring opinion therein that to allow expenses to one of the parties and not to the other might pose serious constitutional questions is likewise groundless. Dohany v. Rogers, 281 U. S. 362, 50 S. Ct. 299, 74 L. Ed. 904, 68 A. L. R. 434; Gano v. Minneapolis & St. L. R. Co., 114 Iowa 713, 87 N. W. 714, 55 L. R. A. 263. I think it cannot be said that the words "expenses of the proceeding" under our Constitution and statutes is synonymous with the word "costs" and in my opinion the "expenses" were intended to cover attorney's fees.

The principal case relied on in the majority opinion is that of Chapin v. Collard, 29 Wash. (2d) 788, 189 Pac. (2d) 642, where no such constitutional or statutory provision was involved such as we have here. The same is true of Wormely v. Mason City & Fort Dodge Ry. Co., 120 Iowa 684, 95 N. W. 203, which simply holds that "costs" do not embrace attorneys' fees and with that result I have no quarrel. I also agree with the cases of North American Realty Co. v. City of Milwaukee, 189 Wis. 585, 208 N. W. 489; City of Waterbury v. Macken, 100 Conn. 407, 124 A. 5, and other cases relied on in the majority opinion which hold that the costs and expenses in a condemnation suit are not a part of the "just compensation" to which the owner is entitled within the meaning of Sec. 14, Art. III of our Constitution. But those cases are beside the point here. None of them holds that attorneys' fees are not a part of the expenses of the condemnation proceedings. The case of McQuade v. Richland Water Co., 39 Pa. Co. Ct. R. 587, so strongly relied on in

the majority opinion, reached the result it did because of the history of the particular statute in question. The court referred to prior decisions allowing an attorney's fee of $3.00 and based its opinion upon a refined distinction between attorneys' fees and counsel fees. It actually allowed attorneys' fees but not counsel fees.

The case of Delaware, etc., Co. v. Fengler, 288 N. Y. 141, 42 N. E. (2d) 6, relied on in the majority opinion, simply held that the expense of acquisition of land did not cover attorneys' fees because it was not contemplated that acquisition embraced condemnation proceedings in court. Here the contrary is true because both the Constitution and statutes are dealing with condemnation suits. To say that the expenses of the proceeding are those contemplated by section 93-8618 renders section 93-9923 meaningless for section 93-9921 covers the costs mentioned in section 93-8618.

I think the framers of the Constitution clearly contemplated the expenses of a condemnation suit included the principal item of expense, viz., attorneys' fees. If they had reference only to the taxable costs, it would have been easy to so state. I think defendants under the Constitution and statutes are entitled to have paid to them the expenses of the condemnation proceeding which in my opinion includes attorney's fees which they were forced to expend in resisting the proceedings and in having their damages ascertained.

MR. JUSTICE METCALF:

I concur in the foregoing dissenting opinion of Mr. Justice Angstman.