## ECKEL v. REED et al.

No. 3183.

Court of Civil Appeals of Texas.

Waco.

June 29, 1954.

Rehearing Denied July 22, 1954.

W. H. Betts, Hempstead, for appellant.

Geo. T. Barrow, Geo. L. Robertson, Houston, for appellees.

TIREY, Justice.

Appellant, administratrix of the Estate of Frank Eckel, appealed without bond to the District Court of Waller County from an order of the County Court restating her final account as administratrix. The District Court dismissed the appeal for lack of jurisdiction, which action was based on the absence of an appeal bond. Appellant has appealed without bond to the Galveston Court of Civil Appeals from the order of the District Court dismissing her appeal below. The cause was transferred to this court by order of the Supreme Court, and appellees have filed motion to dismiss the appeal here on the grounds that this court is without jurisdiction in the absence of an appeal bond.

The judgment of dismissal by the District Court is assailed by the appellant in which she designated as seven points. We think this case is controlled by the applicable law stated in Points 1, 2, 3, and 4: (1) the administratrix was not required to file bond in order to perfect an appeal from a decree of the County Court to the District Court; (2) the administratrix was not required to file a bond in order to perfect this appeal from decree of the District Court, or to make the deposit provided by Rule 388–A, Texas Rules of Civil Procedure; (3) the administratrix was authorized to employ an attorney to render such legal services as were necessary to the proper administration and closing of this estate, and she had authority to bind such estate for the payment of a reasonable fee for such services; (4) the administratrix having in good faith employed an attorney to represent said estate, any issue or contest relative to the necessity for such service, or the reasonableness of the fee paid by such administratrix to the attorney rendering such services were issues of fact and matters pertaining to such estate and of which the District Court considering her final account on its merits and de novo was required to recognize and dispose of such issues de novo.

Appellees' Counter Points 1 and 2 are to the effect (1) that the administratrix was required to file a bond in order to perfect an appeal from the decree of the County Court to the District Court in any matter which personally concerned her, and her appeal to the District Court from an order of the County Court restating her final account as administratrix was a matter which personally concerned her as a matter of law; (2) the administratrix was required to make and file a cost bond to perfect an appeal from the decree of the District Court to the Court of Civil Appeals unless the appeal was taken in a "fiduciary capacity," and since this appeal is from a decree of the district court relating to an appeal to the district court from an order of the county court restating her final account as administratrix, this appeal is not taken by appellant in a "fiduciary capacity" within the meaning of that term as same is used in the statute relating to the exemption of administrators from such appeal bonds, so that, no such bond having been filed, the Court of Civil Appeals is without jurisdiction to entertain this appeal.

The appellant here was the surviving widow of Frank Eckel and she made application for the probate of the last will and testament of her husband as administratrix with the will annexed of said estate. The court admitted the will to probate and found that a necessity existed for an administration and the appellant was appointed administratrix with the will annexed, and she duly qualified as such and proceeded with the administration of the estate. On January 30, 1953, she made

and filed her report and final account and the appellees seasonably filed their exceptions and objections to this report and on March 9, 1953 the probate court heard and considered such final account, together with the exceptions and objections, and entered its decree auditing and restating said account, including a reduction in the credit claimed by the administratrix for attorney's fees paid from the amount of $800 to $650 for legal services rendered to such estate. In the order entered by the County Court we find this recital: "It appearing, and this Court so finds that the amount of $800.00 claimed by the Administratrix as paid to W. H. Betts, for attorney's fees for. legal services rendered to this estate, is excessive and unreasonable, and the Court further finds that $650.00 is a reasonable fee for such attorney's services, It is therefore ordered that W. H. Betts, attorney for the Administratrix, be and he is hereby allowed an attorney's fee of $650.00 for his services rendered and to be rendered in connection with this Estate." The order then proceeded to recite in effect that the administratrix' account is approved except for the claim of attorney's fees paid to W. H. Betts to the extent of $150, and to that extent the attorney's fees were disallowed and thereby increased the net cash available in said estate for distribution from $1268.28 to $1418.28.

The administratrix duly filed written exceptions to the order entered by the County Court and gave notice of appeal to the District Court of Waller County. She did not file an appeal bond. Appellees seasonably filed motion to dismiss this appeal. On the 19th of October, 1953, the District Court of Waller County granted motion to dismiss appeal and in the order entered we find this recital in substance: " * * * and it appearing to the Court, and the Court finding that said Mollie A. Eckel as Administratrix of the Estate of Frank Eckel, Deceased, has filed no bond in this appeal as required by law, and that this Court is without jurisdiction of this appeal since same has not been perfected by the filing of such bond. It is therefore ordered, adjudged and decreed that this appeal be dismissed and that all costs incident to this appeal be paid by the said Mollie A. Eckel out of her individual funds, for which let execution issue."

The trial court filed findings of fact and conclusions of law. They are substantially: This cause is an appeal by Mollie A. Eckel from an order entered on March 9, 1953 by the County Court of Waller County, Texas, restating the final account of said Mollie A. Eckel, as Administratrix of the estate of Frank Eckel, deceased. No bond has been filed by the appellant as administratrix of the Estate of Frank Eckel, deceased, in accordance with the provisions of Rule 332 of the Texas Rules of Civil Procedure. The court concluded that it was without jurisdiction to entertain this appeal in the absence of a bond having been filed by appellant, as provided for in Rule 332, TRCP; that this appeal was a matter concerning appellant individually so that she is not excused from filing an appeal bond by the provisions of Art. 3700, Vernon's Ann.Civ.Stats.

Appellees in their brief say: "Any appeal taken by the administrator from a decision of the County Court must either be an appeal on behalf of the estate or an appeal by the administrator in his own behalf. If the appeal cannot benefit the estate and those for whom the administrator holds the estate in trust, then the appeal must be one brought by the administrator in his own behalf, and therefore one which personally concerns him." We think the foregoing statement is too restrictive and is not applicable here. We also think it is not in accord with the rule announced in Morton's Estate v. Ferguson, Tex.Civ.App., 45 S.W.2d 419, 420 (err. ref. Jan.1932). In the case at bar it is without dispute that it was necessary to have an administration on the estate and that it was also necessary for the administratrix to employ an attorney, and the court found that the fee paid to the attorney was excessive in the sum of $150. . It was a question of fact to be determined by the Probate Judge as to the amount of the fee

to be paid to the attorney for the administratrix, and since the service rendered by the attorney was for the benefit of the estate, it is our view that the administratrix would have the right to appeal from the judgment of the Probate Court fixing the fee to be charged if she was of the view that the judgment was erroneous. In Morton's Estate v. Ferguson, supra, we find this statement: "If, as contended by appellant, it was the real purpose of the applicant to have the estate pay the fee of attorneys for representing him personally, such was a matter to be developed by the evidence in resistance of the application and as a ground for denying same. The probate court did not deny the application on such ground, but because the court was of opinion that sufficient attorneys had already been employed to defend the suit. In other words, that court determined that there was no necessity for the additional services for the estate and the appeal from that decision, we think, cannot be said to be one which, as a matter of law, concerned personally the temporary administrator within the purview of the statute." As we understand the record before us, there is no evidence here that the total fee of $800 paid by the administratrix to the attorney was for any personal services rendered to her as such. The fee as paid relates to matters concerning only the estate of the deceased, so whether the fee is excessive is a fact question to be passed upon by the trier of the facts. Since the administratrix was attempting to administer the estate under the direction of the Probate Court and employed counsel to look after the legal matters relating to the administration of such estate, we think that she invoked the jurisdiction of the court concerning the matters relating to the estate as distinguished from matters of personal concern to her and notwithstanding the fact that the court found that the fee she had paid was excessive, we think that the administratrix had the right to appeal from the decision of the Probate Court and in so doing she could invoke the jurisdiction of the District Court without the necessity of filing an appeal bond. The outright refusal of application for writ of error in the case of Morton's Estate v. Ferguson, makes it controlling, and we find it has been cited and followed many times. See 104 A.L.R. 1193n; see also Tomten v. Thomas, 125 Mont. 159, 232 P.2d 723 at page 729, 26 A.L.R.2d 1285.

Moreover, going back to the order entered by the Probate Court in this cause, it conclusively shows that the court reduced the fee for legal services rendered from $800 to $650 because it was of the view that such fee was excessive and unreasonable to the extent of $150, and this action of the court concerned the official acts of the administratrix and she was not required to give bond by reason thereof. See Huddleston v. Kempner, 87 Tex. 372, 28 S.W. 936; see also statement of rule by S.Ct. in Cocke v. Birr, 142 Tex. 432, 179 S.W.2d 958, point 1, p. 960.

Because of the views heretofore expressed, we are of the further view that the administratrix was not required to deposit the sum of $25 with the Clerk of the Galveston Court in order to perfect her appeal to that court. See Rule 388-A, as amended, TRCP, 3rd paragraph.

Our view here is that the right of the administratrix to appeal without giving bond under the provisions of Art. 3700, Vernon's Ann.Civ.Stats., is clear and we think the District Court erred in dismissing her appeal. Accordingly, the judgment of the District Court is reversed and the cause is remanded to that court with instructions to consider the matters named in the administratrix' appeal, as provided in our probate statutes and in accord with rule announced in Morton's Estate v. Ferguson, supra.

Accordingly, the judgment of the trial court is reversed and the cause is remanded and all costs of this appeal are taxed against appellees.